## NIGHTINGALE vs. BARENS.

PROCEEDING AGAINST TENANT HOLDING OVER. *(1) Defendant held to be in with other rights than those of a lessee. (2) When defendant's rights not waived by his failure to assert them.*

1. Action commenced in justice's court by N., under the statute, to remove B. from certain premises as N.'s tenant in arrears for rent. The alleged lease was set out in the complaint. Answer, a general denial, and that the alleged lease was obtained by fraud and duress, and that the true agreement between the parties was, that B. was to have the use of the land for three years without rent, and the right to purchase it at the end of that time for $5,600; and that he had paid N. $1,000 on the contract. B.'s objection to the introduction of the lease in evidence by N. was overruled; and, after N. had further proved nonpayment of rent, and service of the statutory notice, a nonsuit was refused. B.'s evidence showed the following facts: In 1875, N. obtained a judgment of foreclosure of a mortgage on said lands, then belonging to B., for about $4,400, principal and interest, and, while an appeal from such judgment was pending here, proceedings not having been stayed, the lands were sold on the judgment, and purchased by N. for the amount thereof, and he was partially placed in possession by writ of assistance. The parties then entered into an arrangement by which the amount of the judgment and

interest at ten per cent. thereon, and of two other judgments and interest thereon amounting to about $1,000, was computed, and the total sum of $6,600 found due, and $1,000 was paid thereon by B., and his appeal here was dismissed by stipulation, and he was let back into possession of the premises under the instrument set out in the complaint. The main body of said instrument is in the form of a lease of the premises from N. to B. for three years from April 1, 1876, at the yearly rent of $565 (five dollars being for insurance), the lessee to pay all taxes and assessments during the term; and there is added a stipulation that B., his heirs and assigns, " has the privilege to purchase said premises on the first day of April, 1879, if he shall so desire, by paying for the same the sum of $5,600." *Held*,

(1) That, notwithstanding the sale of the premises to him on the foreclosure judgment, N., in the transaction stated, recognized the continued existence of the mortgage debt, by receiving from B. payment of $1,000 upon a total sum which included said judgment with interest to that time, and providing in fact for the continued payment of ten per cent. interest on the remainder of said total sum, under the name of rent.

(2) That by the clear intention of the parties and the legal effect of said instrument, under the circumstances, B. reëntered not as a mere lessee, but with other rights, either as prospective purchaser or as mortgagor.

(3) That the statutory proceeding, therefore, would not lie.

2. This court must determine the appeal upon its own view of the legal effect of the instrument and transaction in evidence, and no failure of defendant's counsel to assert that view in the court below would be a waiver of defendant's rights on the appeal, where the legal effect of the instrument goes to the foundation of the action and the jurisdiction of the court.

[TAYLOR, J., dissents from the judgment, holding, 1. That, *upon the face* of the written instrument, defendant's right of possession under it was only that of a tenant, and the court did not err in overruling defendant's objection to the evidence, nor in refusing a nonsuit. 2. That upon the pleadings and plaintiff's evidence, the justice's court had jurisdiction of the action. 3. That even if defendant's parol evidence showed a transaction giving him other rights of possession under the instrument than those of a lessee (a question not considered), yet, as that evidence was not introduced for that purpose, but the cause was tried only upon the issue of fraud and duress, the claim of such rights under the instrument *was waived*.]

APPEAL from the Circuit Court for *Jefferson* County.

This was a proceeding commenced in justice's court, under

the statute, as for an unlawful detainer, to remove the defendant from certain premises, which he was alleged to hold as plaintiff's lessee, on the ground that he had made default in the payment of rent. Defendant having obtained a verdict and judgment in the justice's court, plaintiff appealed to the circuit court. The case made on the trial there will sufficiently appear from the opinion.

Defendant appealed from a judgment of the circuit court in favor of the plaintiff.

For the appellant, there was a brief by *Priest & Carter*, and oral argument by *Mr. Priest* and *Wm. F. Vilas*.

*A. M. Blair*, for the respondent.

ORTON, J. This is a proceeding under the statute of forcible entry and unlawful detainer, before a justice of the peace, to obtain restitution of the possession of certain lands held under a pretended lease, on account of the nonpayment of rent.

The facts in evidence, stated most favorably to the respondent, are substantially as follows:

The respondent obtained a judgment in foreclosure of a mortgage upon the lands in question, against the appellant, in March, 1875, for about the sum of $4,400, principal and interest, and an appeal therefrom had been taken to and was pending in this court, and, no stay of proceedings having been obtained, the respondent proceeded to the sale of the mortgaged premises, and became the purchaser for the amount of the judgment, and was partially placed in possession by a writ of assistance. The parties then entered into an arrangement by which the amount of the judgment and interest at ten per cent. thereon, and of two other judgments and interest thereon amounting to about $1,000, was computed, and the total sum of $6,600 found due, and $1,000 was paid thereon by the appellant, and his appeal in this court was dismissed by stipulation, and he was let back into the possession of the premises

under the instrument in writing claimed to be a lease, upon which this proceeding was brought and predicated.

The main body of this instrument is drawn in the form of a lease, from the respondent to the appellant, of the premises, for three years from the first day of April, 1876, at the yearly rent of $565 (five dollars being for insurance), the lessee to pay all the taxes and assessments during the term; and then follows this stipulation: "And the said party of the second part, his heirs and assigns, has the privilege to purchase said premises on the first day of April, 1879, if he shall so desire, by paying for the same the sum of $5,600."

From this evidence and the character of this instrument the following inferences may properly be drawn: *First.* $5,600 is the balance left due after deducting the $1,000 payment, and the rent is ten per cent. per annum on this amount, the same as the interest on the original mortgage, with the addition of five dollars for insurance. *Second.* Notwithstanding the sale of the mortgaged premises to the respondent, he still recognized the existence and continuance of the mortgage debt, by receiving from the mortgagor the payment of the $1,000 upon a total amount which included the whole of such judgment and interest up to that time. *Third.* The sum of $5,600 named as the purchase money and consideration of the last clause of the instrument was nearly if not the exact sum then due upon the judgment of foreclosure, and this is the exact sum finally to be paid at the end of the term, and without interest, and such interest is presumably the ten per cent. reserved as annual rent in the lease. *Fourth.* The stipulation on the part of the appellant to pay all of the taxes and assessments during the term on such valuable property, in excess of ten per cent. rent, indicates that he was to pay such taxes and assessments, not as *rent*, but as one of the conditions of the purchase.

We think it is the legal effect of this instrument under the circumstances, and that it was clearly the intention of the

parties, that the appellant should reënter into the possession of the premises, not as a mere lessee, but with other rights in the same (and whether as the prospective purchaser or as mortgagor, we do not decide); and that the relation between the parties in respect to the use and possession of the same was not merely of landlord and tenant; and therefore we must hold that this proceeding under the statute will not lie. In all the elements and particulars of this transaction, there could not well be a stronger case presented of a conditional sale or contract of purchase, or of the keeping alive and continuance of a mortgage, under the form of a lease or the assumed relation of landlord and tenant. It was decided in *Plato v. Roe*, 14 Wis., 453, that where an absolute deed and a contract of defeasance or to reconvey were executed, and the consideration was a loan of money, and the grantee also at the same time gave the grantor a lease of the premises, the transaction constituted a mortgage, and the pretended lessor could not have this statutory remedy as against a tenant holding over.

In *Ott v. Rape and another*, 24 Wis., 336, it was held that where a purchaser at sheriff's sale of land accepted part of the purchase money for which the land was sold, from the judgment debtor, he waived his right to enforce a forfeiture of the equity of redemption according to the terms of his certificate of sale, and thereby converted the certificate, and his interest in the land under it, into a mere lien or security for the payment of the balance of the purchase money.

In *Ragan and another v. Simpson and another*, 27 Wis., 355, it was held, in effect, that where, after default in the payment of a mortgage, and after the mortgagee had commenced a suit of foreclosure, he received an absolute conveyance of the mortgaged premises from the mortgagor, and at the same time gave back to the grantor a lease of the premises, in which it was stipulated that the lessor should, at the expiration of the lease, sell the premises to the lessee, in case he should tender

a certain sum — which was the amount of the mortgage — and demand a deed, the transaction made the deed a mortgage, and the instrument *called* a lease was not such, and this remedy under the statute as against such lessee holding over could not be made available.

In *Roach v. Cosine*, 9 Wend., 227, it was held that where, in consideration of a payment of a certain sum of money, and also the payment of certain encumbrances upon the premises, a deed was executed with an agreement that the grantor might remain in possession of a part of the premises for two years *rent free*, and that if, at the expiration of that time, he should repay such advances, the grantor should reconvey, the deed was a mortgage, and this proceeding could not be entertained to dispossess the grantor as a tenant holding over.

In *Davis v. Hemenway*, 27 Vt., 589, where an absolute deed was taken in consideration of certain advances, and the grantee gave to a trustee of the original owner a contract in writing, by which he promised to quit-claim the premises to him in three years, if he paid the amount of such advances, and sixty dollars annually, and the rent upon certain dower estate in the premises, and the taxes during each year up to that time, it was held that the deed was a mortgage, and that the relation of lessor and lessee did not exist so as to allow the summary dispossession of the former owner by this proceeding.

In *Hay v. Connelly*, 1 A. K. Marsh., 393, it was held that a person in possession of lands under a contract of purchase is not a tenant, so as to subject him to a warrant of forcible detainer; and in *Jack v. Carneal*, 2 A. K. Marsh., 518, it is held that a person so in possession under a contract of purchase, who cancels such contract and takes a lease of the premises, is not liable to such warrant.

Parallel authorities of indefinite number might be cited in support of the position here taken that the appellant was in possession of the premises, not as a lessee or tenant, but under a right to purchase or redeem.

It was claimed on the argument by the learned counsel of the respondent, that the question of such a legal effect of the transaction was not raised in the courts below, and was therefore waived. The legal character and effect of this transaction, and of the instrument introduced as a lease, to sustain this proceeding, are questions of law, and go to the foundation of the action and the jurisdiction of the court, and cannot be waived by counsel, by neglect or otherwise, in the conduct of the cause. *Rothbauer v. State*, 22 Wis., 468; *Nelson v. Rountree*, 23 Wis., 367. If this was no lease, and the relation of landlord and tenant did not exist between the parties, the justice had no jurisdiction in such a case; and it is questionable whether the answer setting up such facts as showed the defendant in possession of the premises under other right and title than the lease, or the instrument construed as a lease, did not divest the justice of jurisdiction to try the case.

What are the legal or equitable rights of the parties under this arrangement and this instrument, and whether the appellant had or has the rights of a purchaser under a conditional sale or contract of purchase, or of a mortgagor in possession under his original or a newly acquired title, while the original mortgage is kept alive and continues, we do not now decide; but we do decide that the appellant was not in possession as a mere lessee or tenant of the respondent, and therefore not liable to be dispossessed under the statute of forcible entry and unlawful detainer.

The judgment of the circuit court must be reversed.

TAYLOR, J. This is an action originally commenced in a justice's court, under the provisions of section 12, ch. 151, R. S. 1858, to remove the defendant from the premises in question, as a tenant of the plaintiff, for neglect to pay the rent reserved in a lease set out in the plaintiff's complaint. The defendant answered, denying generally the complaint, and set up as a special defense, that the lease set out in the com-

plaint was obtained by fraud and duress, and was void, and that the true agreement between the parties was that the defendant was to have the use of the farm for three years without rent, and the right to purchase it at the end of the three years for the sum of $5,600, and that he had paid the plaintiff $1,000 on such contract. The case was tried in the justice's court; was appealed to the circuit court; and was there tried, and judgment rendered for the plaintiff, from which the defendant appeals to this court.

On the trial in the court below, the plaintiff offered in evidence the lease set out in the complaint; and to the introduction of this lease the defendant objected, "because it was a contract for the sale of the premises, and the action of detainer cannot be sustained on it." The objection was overruled, and the defendant excepted. This is the only time and place in which, during the whole course of the trial in the court below, any objection was made to the plaintiff's right to recover, on the ground that the contract between the parties was a contract of sale, and not a lease. After the plaintiff had introduced his written contract in evidence, he simply gave evidence showing that he had served the notice required by said section 12, and then rested; and the defendant then moved for a nonsuit, which was denied.

If, therefore, the written contract given in evidence was not a lease, but a contract of sale, the plaintiff should have been nonsuited, and the court below committed an error, in both permitting the contract to be received in evidence, and in refusing to grant the nonsuit.

The writing received in evidence was, in form, a lease for three years, reserving a rent of $565 per year, payable on the —— day of —— in each year.

The only thing in the contract which differs from an ordinary lease is the following clause inserted at the end thereof: "And the said party of the second part [the defendant], his heirs and assigns, has the privilege to purchase said premises

on the first day of April, 1879, if he shall so desire, by paying therefor the sum of $5,600."

In my opinion, this clause, which simply gives an election to the tenant to purchase the tenement leased at the expiration of his term for a fixed sum, without in any way binding him to make such purchase or pay the purchase money, does not change the nature of the contract, or change it from a lease to a contract for the purchase of the premises.   Certainly, upon the face of this contract, the defendant acquired no right to the possession of this land by virtue of the election to purchase given to him, until he had exercised his election and made the purchase or offered to make it.   His right to the possession up to that time, if in possession at all, was under the lease and agreement to pay rent.   *White v. Livingston*, 10 Cush., 259.   The objection to the evidence was therefore properly overruled, and the nonsuit properly denied.

After making this objection to the plaintiff's evidence, and this motion for a nonsuit, the defendant tried the case in the court below entirely upon the theory that the writing was a lease, and based his whole defense upon the ground that he had been induced to sign the same by fraud and coërcion, and at no time raised the question again that, by virtue of the parol evidence introduced, he had shown that the contract, though in form a lease, was in fact a contract for the purchase of the land; nor did he ask the court to submit that question to the jury, or to take the case from the jury upon the ground that the whole evidence showed that it was not a lease, but a contract of sale and purchase, and therefore the court had no jurisdiction to try the case.   It may be that, as the lease contains this right of election, it would be competent to show, by parol evidence, that there was a parol contract between the parties by which the plaintiff agreed to sell, and the defendant agreed to purchase, the land, and that this lease was given to carry out such contract; but, in the absence of any mistake or fraud, it may be a question of grave doubt whether a writing

which is a lease on its face can be shown to be a contract of sale by oral evidence. However this may be, it seems to me, if the defendant had desired to rest his case upon the fact that he had shown, by parol evidence, that the contract, which was in form a lease, was in fact a contract for the sale of the land to him for a fixed sum, and that the reservation of the annual payments as rent was in fact intended to secure the interest upon the purchase price, it was his clear duty to have asked the court to consider the case in view of that theory, and to have submitted that question to the jury; and, instead of doing so, having contented himself to rest his defense solely upon the alleged fraud and coërcion, it is too late for him to come to this court and ask a reversal of the case upon that theory.

Upon the questions litigated in the court below, there was no error committed by that court, and therefore no errors for this court to correct; and the only way this court can raise any error in the case is to introduce a defense which the defendant did not make in the court below, and which I think he clearly waived, and then hold that, if such defense had been made, the evidence was sufficient to have sustained it, and therefore the judgment must be reversed.

I do not question the propriety of reversing a judgment when the record presents a state of facts which clearly shows that the court below had no jurisdiction of the subject matter of the action, even though the defendant may not have raised any objection upon that ground. But in this case, upon the written contract offered in evidence by the plaintiff, in the form of a lease, the court below had clear jurisdiction of the subject matter; and if the evidence afterwards introduced by the defendant tended to show that such writing was not a lease, and therefore the court had no power to proceed to judgment, it was clearly his duty to have alleged such purpose in introducing the evidence, so that the opposite party might have set himself right, in the court below, by showing in rebuttal

Nightingale vs. Barens.

thereof that there was no such contract in fact made. The defendant not having disclosed such purpose, but, instead, having introduced the same with the avowed purpose only of showing that the lease was obtained by fraud and coërcion, and having submitted the case to the jury upon that theory, it seems to me both unjust to the plaintiff and to the court below to allow him to avail himself of that theory of the case in this court for the purpose of reversing the judgment and obtaining a new trial.

As an almost universal rule, this court may very justly presume that the counsel who tried the case in the court below fully comprehends the issues which were necessary to be submitted to a jury in order to protect his client's rights; and so, in this case, the counsel for the defendant fully understood, and now understands, the necessity of resting his defense upon the alleged fact that the contract, whatever it may be, was not freely entered into by him, and that the same is void by reason either of mistake, fraud or coërcion, and upon a retrial such must be the real issue in order to procure a result which will in the least protect the defendant in his rights. If there was no fraud, mistake or coërcion, and the contract was made fairly with the defendant, and he agreed to pay $6,600 for the farm, and made a payment of $1,000 on that agreement, then he made a bargain which is not to his advantage, and one which he would not desire should be enforced against him, as it would in fact, as he himself says, be a bargain which he would not knowingly have made, undoubtedly for the reason that such sum was more than the farm was worth.

Without expressing any opinion upon the effect of the parol evidence as changing the nature of the written lease, I think, for the reasons above stated, the judgment should be affirmed.

*By the Court.* — The judgment is reversed, with costs, and the cause remanded for a new trial.