## WEBB vs. SEEKINS.

*December 1 — December 16, 1884.*

*Tenancy at will: Unlawful detainer.*

The defendant worked his father's farm upon shares during the season of 1882. In the spring of 1883 it was arranged between him and his brother and their parents that the parents and brother should move upon a new farm, leaving the defendant upon the old place, that the two sons should work together in harmony and pay up the mortgage indebtedness on the two farms and should each pay one half of their father's small debts, and that when the parents died the sons should be paid for so doing. There was no agreement as to how long this arrangement should continue. The defendant worked upon the old farm, paid some interest upon one

of the mortgages, and made some improvements. *Held*, that he became merely a tenant at will of his father, and if he held over after such tenancy had been terminated in the manner provided by sec. 2183, R. S., he might be removed by the father or his grantee by proceedings under ch. 145, R. S.

APPEAL from the Circuit Court for *Sheboygan* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced March 20, 1884, for the unlawful detainer of a farm. The plaintiff failed to recover in the justice's court. On appeal the cause was tried without a jury, and it was found by the court, in effect, (1) that February 20, 1884, Jerome Seekins and wife, parents of the defendant, deeded the farm to the plaintiff; (2) that there was no contract of purchase between the defendant and Jerome Seekins as alleged in the answer; (3) that October 8, 1883, the defendant was in possession of the farm as the tenant at will of Jerome Seekins; (4) that October 8, 1883, Jerome Seekins notified the defendant that such tenancy was thereby terminated and that he must remove from and surrender up such possession pursuant to sec. 2183, R. S.; (5) that the defendant continued to hold possession without permission of Jerome Seekins or the plaintiff; (6) that the plaintiff notified the defendant to quit more than three days before the commencement of the action; (7) that the facts alleged in the complaint were true, and that the defendant was guilty of the wrongful detention of the land. As conclusions of law the court found, in effect, that the plaintiff was entitled to judgment and a writ of restitution pursuant to statute, and for his costs and disbursements. Judgment was entered accordingly, and the defendant appealed."

*M. C. Mead*, for the appellant, contended, *inter alia*, that the summary proceedings for unlawful detainer can be resorted to only where the conventional relation of landlord and tenant exists — where it is created by express agreement of the parties, and not where it arises by mere operation of law.

The finding that the defendant was in possession as the tenant at will of Jerome Seekins is a mere conclusion of law, and even as such is incomplete because there are two kinds of tenancies at will, one springing from an express contract relation and called a *general* tenancy at will, and the other created by implication of law merely and termed a *strict* tenancy at will. It is only where the tenancy at will is of the former species that this proceeding will lie. Taylor on L. & T., secs. 59–64, 720; *Winterfield v. Stauss*, 24 Wis. 394; *Nightengale v. Barens*, 47 id. 389; *Carter v. Van Dorn*, 36 id. 289; *Evertson v. Sutton*, 5 Wend. 281; *Benjamin v. Benjamin*, 5 N. Y. 383; *Sims v. Humphrey*, 4 Denio, 185; *People ex rel. Mitchell v. Simpson*, 28 N. Y. 55; *People ex rel. Hubbard v. Annis*, 45 Barb. 304; *Burnett v. Scribner*, 16 id. 621; *People ex rel. Williams v. Bigelow*, 11 How. Pr. 83; *Oakley v. Schoonmaker*, 15 Wend. 226; *Dakin v. Allen*, 8 Cush. 33; *Dunning v. Finson*, 46 Me. 546; *Walls v. Preston*, 28 Cal. 224; *Hay's Heirs v. Connelly's Heirs*, 1 A. K. Marsh. 393; *Jack v. Carneal*, 2 id. 518; *McCombs v. Wallace*, 66 N. C. 481; *Stockbridge v. Nute*, 20 N. H. 271. Under the facts in this case the relation of landlord and tenant was not created even by implication. Such relation will not be implied from the mere occupation of land, if the relative positions of the parties can be referred to any other distinct cause, as for instance when an intending purchaser remains in possession after the agreement to purchase falls through. Bouvier's Law Dict. tit. LANDLORD AND TENANT; Taylor on L. & T., sec. 25; *Smith v. Stewart*, 6 Johns. 46; *Osgood v. Dewey*, 13 id. 240; *Curtis v. Treat*, 21 Me. 525; *Nance v. Alexander*, 49 Ind. 516; *Dakin v. Allen*, 8 Cush. 33; *Coffman v. Huck*, 24 Mo. 496; *Brown v. Persons*, 48 Ga. 60; *Ripley v. Yale*, 16 Vt. 257; *Bell v. Ellis' Heirs*, 1 Stew. & P. (Ala.), 294; Wood on L. & T. 39.

For the respondent there was a brief by *Seaman & Williams*, and oral argument by *Mr. Seaman*. They argued,

among other things, that our present statute of unlawful detainer reaches every case where a tenancy at will exists between the parties (or privies), whether express or implied. Subd. 1, sec. 3358, R. S.; sec. 2183, R. S. Cases in this court arising under the former statutes apply now only so far as the statute is unchanged. As to similar statutes elsewhere, see *Bennett v. Robinson*, 27 Mich. 26; *Huyser v. Chase*, 13 id. 98; *Crane v. O'Reiley*, 8 id. 312; *Dwight v. Cutler*, 3 id. 566, and note; *Howard v. Merriam*, 5 Cush. 563; *Melley v. Casey*, 99 Mass. 241. The statute of New York differs from ours in being restricted (so far as here in question) to a tenant " holding over after expiration of a lease or term;" and the decisions there are therefore inapplicable here. See, also, *Brown v. Kayser*, 60 Wis. 1.

CASSODAY, J. The plaintiff, as grantee of Jerome Seekins and wife, is entitled to the same remedy as his grantor might have had if the conveyance had not been made. Sec. 2194, R. S.; *Bennett v. Robinson*, 27 Mich. 26. This provision extends "*as well to grants*, or leases in fee reserving rents, as to leases for life and for years."  Sec. 2195. This being so, we must treat the case the same as though it had been brought by Jerome Seekins.

We find nothing in the testimony which would authorize us to disturb any of the findings of fact. It follows that the defendant cannot be regarded as having a contract for the purchase of the farm. The finding that the defendant was on the farm as the tenant at will of Jerome Seekins may, perhaps, be regarded rather as a conclusion of law than as a finding of fact. That he worked the farm on shares during the season of 1882 seems to be conceded. The defendant's version of the testimony on the part of the plaintiff, which for the purposes of this appeal must be taken to be true, is to the effect that it was talked over in the family between the defendant, his father and mother, and his

brother Nathaniel, that the old people should move upon the new place with Nathaniel, leaving the defendant upon the old farm, with the understanding that he and Nathaniel should work together in harmony and pay up the mortgage indebtedness on the two farms, and each pay one half of their father's small debts, and when the old folks were dead the defendant and Nathaniel should be paid for so doing. It appears that the old folks and Nathaniel moved upon the new farm, leaving the defendant on the farm in question; that the defendant worked that farm, paid some interest on one of the mortgages, and that he, or he and Nathaniel together, built some fence and dug a ditch about six rods long and three and a half feet deep. That understanding seems to have been reached in the latter part of March, 1883. There is testimony to the effect that the defendant wanted that arrangement or understanding to continue for seven years, but that his mother objected to any agreement being made for its continuance for any longer period than one year, and there seems to have been no agreement that it should continue for that length of time or any other.

Under this state of facts it is strenuously urged that the conventional relation of landlord and tenant did not exist, and hence that this action cannot be maintained. Such undoubtedly is the rule under the statutes of some states. *Evertson v. Sutton*, 21 Am. Dec. 217. In support of this contention an ingenious argument was made and many authorities cited. Without attempting any review of the authorities, we are inclined to think the court was right in holding that the facts stated made the defendant the tenant at will of his father. This court has recently held, in effect, that in a tenancy at will both the entry and occupancy are lawful, *but for no definite term or purpose*, subject to be determined by the landlord whenever he pleases. *Brown v. Kayser*, 60 Wis. 8, and authorities there cited. At common law either party could put an end to such a tenancy at any

time he pleased, and *instanter* and without notice, or, at most, by mere demand of the possession by the landlord. *Ibid.* He was called a *tenant at will* because he had no certain or sure estate, and was liable to be put out at the will of the landlord. The facts stated seem to bring the case within the definition of a tenancy at will. The statutes (secs. 2183, 2184) requiring one month's notice to terminate such tenancy were enacted for the benefit of the tenant, and not for the benefit of the landlord. *Ibid.* This notice was given by Jerome Seekins. The tenant having failed to remove from the premises at the expiration of the time required after the service of the notice, the landlord was at liberty to re-enter, or proceed in the manner prescribed by law to remove such tenant, without any further or other notice to quit. Sec. 2184. The statute expressly provides that any tenant at will of any real property may be removed therefrom when, without permission of the landlord, he holds possession after such tenancy at will has been terminated by either party in the manner provided in the sections above cited. Sec. 3358, subd. 1. Since the action is clearly maintainable under the provisions of our statutes, it becomes unnecessary to trace the analogy between the statutes of this and other states, and the authorities under them, so elaborately presented in the arguments and briefs of the respective counsel.

*By the Court.*— The judgment of the circuit court is affirmed.