Imler, Respondent, vs. Baenish, Appellant.

*September 28 — October 15, 1889.*

*Landlord and tenant: Sale of premises: Termination of lease: Liquidated damages: Rent.*

A lease of a farm for five years from April 1, 1886, at an annual rent of $80, payable in equal parts on January 1 and March 1, stipulated that the party failing to perform should pay to the other party $25 as liquidated damages. In September, 1886, the lessee surrendered the lease at the request of the lessor, who had sold the

premises and had promised his grantee that he would rescind the lease and pay the forfeiture. *Held*, that the lessor was liable for the stipulated damages, and (the first half year's rent having been paid) was not entitled to recover the rent for the second half year.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover rent and liquidated damages for failure to perform a lease. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*G. G. Sedgwick*, for the appellant.

*G. A. Forrest*, for the respondent.

ORTON, J. The appellant leased the respondent's farm the 1st day of April, 1886, for five years, at an annual rent of $80 a year, to be paid in equal parts on the 1st day of January and the 1st day of March. It was stipulated that if either party should fail to perform the lease on his part, he should pay to the other party $25 as liquidated damages. The respondent's complaint is for the recovery of $40 for the last half year's rent of the first year, and $25, the liquidated damages for the appellant's failure to perform. The appellant's answer denies this cause of action, and counterclaims for $25 liquidated damages for the respondent's failure to perform. The circuit court directed the jury to render a verdict for the plaintiff for $15, which was the remainder after deducting the $25 forfeiture from the $40 for the last half year's rent. It was conceded that the first half year's rent was paid. The court very properly stated to the counsel that the only question of fact in the case on which testimony should be taken was which of the parties first abandoned or rescinded the lease. After the plaintiff had concluded the examination of witnesses in his behalf, and while the counsel of the defendant was cross-examining the plaintiff's last witness, the court stated to the counsel as follows: "Well, is it necessary to cross-

examine any more? It appears from his own testimony, he [the plaintiff] consented to terminate this lease, and it seems to me under his testimony that he considered he must pay the liquidated damages in the sum of $25. The question will then be mostly a question of law in this case, whether the defendant is not required to pay a whole year's rent." Thereupon the counsel of the defendant moved for judgment for said $25, which motion was overruled, and he then moved for a nonsuit, which was denied. At the conclusion of the testimony in the case the counsel of the defendant asked the court to submit to the jury the ques-tions as to which party abandoned or canceled the lease, and whether it was canceled by the consent of both parties. The request was refused, and the court directed a verdict as above, holding that the plaintiff abandoned the lease, and was liable for the $25. We think the court was right in so holding. The evidence shows that some time before the 1st day of October the plaintiff sold the premises to one George Schmidt, and asked the defendant to surrender the lease, and he did so and delivered it up to him. He had promised Schmidt that he would rescind the lease and pay the $25 forfeiture. The plaintiff testified that the de-fendant "stayed in possession of the land from spring to September;" and after the lease had been delivered up the defendant did not come on the land any more to work, and did nothing after that, and that he (the plaintiff) considered the lease ended. The deed to Schmidt was dated October 4, 1886, and Schmidt entered into possession, and plowed the land that fall. .

The only error the court committed was to allow the plaintiff the last half year's rent in directing the verdict. The lease was rescinded, abandoned, and delivered up be-fore the end of the first half year, and the defendant quit the possession at the instance and request of the plaintiff; and about the time the half year ended Schmidt had bought

the land and received a full covenant deed therefor. It is the settled law of this state, by statute as well as by the decisions of this court, that Schmidt succeeded to all the rights of the plaintiff under the lease, and was entitled to the rent in case the lease continued. Sec. 2194, R. S.; *Winterfield v. Stauss*, 24 Wis. 394; *Leonard v. Burgess*, 16 Wis. 41; *Webb v. Seekins*, 62 Wis. 26. The lease was surrendered before the first half year's rent was due, so that in strictness of law the plaintiff was not entitled to the first half year's rent. Tayl. Landl. & Ten. §§ 389, 496, 497. It is impossible to even conjecture upon what theory or principle the circuit court held that the plaintiff was entitled to the last half year's rent. The theory of the learned counsel of the respondent, in his brief, is that the defendant, as the lessee, obtained in the first half year all the use and benefit of the premises that he could have received in the whole year, and that therefore he must pay the whole year's rent, although the lease was surrendered and at an end, and the defendant had left the premises, and the land had been sold and conveyed to another, and the purchaser was in sole possession, before the last half year had commenced. Any tenant for a year, on the same principle, might be ejected at the end of six months, and made to pay the full year's rent, on the ground that he had substantially enjoyed the full term. There is not even equity in such a principle, and much less law. The learned counsel, however, deserves credit for even such an attempt to sustain the verdict. The defendant was clearly entitled to a verdict and judgment for the $25, on the plaintiff's own evidence.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.