Buel, Respondent, vs. Buel, Appellant.

*March 19 — April 8, 1890.*

*Unlawful detainer: Landlord and tenant: Parent and child.*

Pursuant to an understanding with his father a minor son devoted his wages to the purchase of a home for his parents. The last payment was made, and a conveyance executed to the son, just after he became of age. The parents had previously gone into possession under an oral agreement with the son that they should occupy the premises as a home, free and without any reservation of rent,

during their lives; and the father afterwards made valuable improvements. *Held*, that the conventional relation of landlord and tenant did not exist between the son and his father, and the former could not remove the latter by an action for unlawful detainer.

APPEAL from the Circuit Court for *La Crosse* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The facts are undisputed and to the effect that the plaintiff was born October 10, 1850, and is the son of the defendant; that, in accordance with an understanding with his father, he worked out after he became seventeen years of age, with the view of using his wages in buying a place to be occupied by his father and mother during their lives, for a home; that accordingly, and more or less at his father's request, he entered into an agreement with Charles A. Watson for the lot, with a small house upon it, in question; that when he was about twenty years of age his father and mother moved onto the lot, with the understanding by and between them and the plaintiff that they should occupy the same as their home during their lives, and that they have so occupied it as such home ever since; that November 13, 1871, and just after the plaintiff became of age, he made the last payment to Watson on the lot, from his wages, and received from him, in his own name, a warranty deed of the same; that since that time the defendant has built on the lot a new house, repaired the fence, built a sidewalk, planted trees, dug a well, put in a pump, and built a new barn — using the boards that were in the old one, and paid the taxes for a portion of the time; that September 5, 1887, the plaintiff served notice on the defendant to quit as a tenant at will. After waiting more than thirty days, the plaintiff commenced this action of unlawful detainer in justice's court, to put him out.

The answer in justice's court consisted of a general de-

nial and the substance of the facts above stated, under which the defendant claimed the right to remain in possession during life. The justice gave judgment of restitution in favor of the plaintiff. The defendant thereupon appealed to the circuit court, and therein, on leave of the court, amended his answer, and, in effect, alleged the facts above stated, as a counterclaim. Upon a jury trial being waived and a trial had, the court found in favor of the plaintiff, and ordered judgment of restitution accordingly; and from the judgment so entered therein the defendant appeals.

*E. C. Higbee*, for the appellant.

For the respondent there was a brief by *Winter, Esch & Winter*, and oral argument by *Frank Winter*.

CASSODAY, J. It is conceded that the defendant and his wife peaceably entered into the possession of the premises in question, seventeen years before the commencement of this action, under the agreement mentioned in the foregoing statement. By the terms of that agreement they were to have and enjoy the possession of such premises as a home, free and without any reservation of rent, during their lives. Upon the faith of that agreement the defendant made the improvements mentioned. The plaintiff testified, in effect, that he always regarded the buildings so put upon the place as belonging to his father; that he never leased the premises to his father, but gave him possession for life, as stated. Had such agreement been evidenced by writing, executed in due form of law, it would have created in the defendants estates for life, and the same would have been denominated " estates of freehold." Sec. 2029, R. S. The same section provides that estates of a minor character, as " estates *for years*, shall be denominated *chattels* real, and estates *at will* or *by sufferance* shall be *chattel* interests."

This is an action of unlawful detainer. It is conceded by the learned counsel for the plaintiff that such an action

cannot be maintained unless the relation of landlord and tenant exists between the plaintiff and the defendant. In such cases the statute only authorizes such action where " any *tenant* or *lessee* at will, or by sufferance, or for any part of a year, or for one or more years, of any real property, . . . and the assigns, under-tenants, or legal representatives of such tenant or lessee," holds over, in the manner prescribed in sec. 3358, R. S. Prior to the time when the legislature of this state borrowed that statute from New York, it was said by SAVAGE, C. J., speaking for the whole court: " This statute is applicable between land-lord and tenant only." It " was clearly designed to afford a speedy remedy where the conventional relation of landlord and tenant existed, *and not where that relation is created by operation of law.*" *Evertson v. Sutton*, 5 Wend. 281; *S. C.* 21 Am. Dec. 219, 220. This rule has since been repeatedly sanctioned in that state. *Sims v. Humphrey*, 4 Denio, 185; *Benjamin v. Benjamin*, 5 N. Y. 383; *People ex rel. Mitchell v. Simpson*, 28 N. Y. 55. Another section of our statutes has extended the remedy against a mortgagor, or any person claiming under him, holding over after foreclosure of the mortgage and sale and deed thereon; and also against one working lands on shares, and holding over contrary to the agreement. Sec. 3359, R. S. With these exceptions, the rule thus stated by SAVAGE, C. J., prevails here. This view is strengthened by the fact that, even where the entry is forcible or unlawful, yet, if the person making such entry " continues in possession three years, quietly and peaceably, by disseisin," he cannot be proceeded against under the statute. Sec. 3361, R. S.

It is very obvious that the summary remedy given by sec. 3358 of the statutes was never intended as a substitute for ejectment. *Jarvis v. Hamilton*, 16 Wis. 580. A justice of the peace has no jurisdiction to try the title to land. But the facts upon which the right of removal is based may be

put in issue by the answer, and the issues so raised may be tried and determined in a justice's court. *Newton v. Leary*, 64 Wis. 190; *Dawson v. Dawson*, 17 Neb. 671. Even where the facts show that the defendant has an interest in the premises which can only be fully protected in a court of equity, yet, if they are such as to disprove the conventional relation of landlord and tenant, they will be sufficient to defeat such action of unlawful detainer. *Dawson v. Dawson, supra*. Thus in *Nightingale v. Barens*, 47 Wis. 389, the main body of the instrument under which the defendant resisted such summary proceedings was in the form of a lease of the premises, in which the lessee had the privilege to purchase and was to pay taxes, etc. But it was held that as the relation between the parties, in respect to the use and possession of the premises, "was not merely of landlord and tenant," the action could not be maintained. Such ruling was expressly approved in *Steele v. Bond*, 28 Minn. 267; *Grohousky v. Long*, 20 Neb. 362. If, instead of this proceeding, the plaintiff had brought an action of ejectment, there would seem to be no good reason why the defendant might not have availed himself of the facts disclosed, as an equitable counterclaim. Certainly the defendant is not to be deprived of whatever rights he has in the premises merely because the plaintiff proceeded in a summary way to eject him. Especially is this so when, as appears in the record, the plaintiff admits facts showing that he has never been in possession, and that the conventional relation of landlord and tenant never existed between him and the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.