HUNTER, Appellant, vs. MAANUM, Respondent.

*January 17 — February 3, 1891.*

*Unlawful detainer: Mortgage by deed absolute in form.*

1. The action of unlawful detainer cannot be maintained under sec. 3358, R. S., unless the conventional relation of landlord and tenant exists between the parties. Thus, if the defendant is, in equity, a mortgagor, having an equity of redemption in the premises, the action cannot be maintained.

2. Where land is conveyed by the owner, to be reconveyed upon payment of a certain sum, the absence of an express personal agreement on his part to pay the money is not conclusive that the transaction is not a mortgage.

APPEAL from the Circuit Court for *Grant* County.

Unlawful detainer. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that some time prior to July 5, 1880, the defendant and wife conveyed to one McLeod the

sixty acres of land in question, to secure the payment of $450 and interest, and took back from him a land contract providing for the reconveyance of the same upon payment of said debt and interest; that July 5, 1880, an arrangement was made between the parties whereby the plaintiff paid that amount to McLeod, and he thereupon conveyed the legal title of the land to the plaintiff, and took up his land contract, and the plaintiff thereupon gave to the defendant a written land contract, whereby he agreed to convey the land to him on payment of the $450 in five equal annual instalments, with interest at ten per cent. per annum; that the defendant never paid anything on the principal, and only a portion of the interest; that the plaintiff threatened the defendant with a foreclosure of the land contract; that October 16, 1886, the plaintiff and defendant met at the office of Watson, and made an arrangement in reference to the land and the payment therefor, the terms of which are to some extent in dispute; but it is conceded that, as a part of that arrangement, the defendant and wife gave to the plaintiff a quitclaim deed of the land in controversy, but were to have the privilege of remaining in possession of the premises until December 16, 1887, and in the mean time he was at liberty to pay the amount due on the contract, and in case he did so he was to have a reconveyance of the land, but he made no such payment.

April 23, 1888, the plaintiff gave to the defendant the usual written notice to quit the premises, and June 27, 1888, commenced this action of unlawful detainer, in justice's court. The defendant answered by a general denial, and alleged, in effect, the facts stated and the arrangement made October 16, 1886, as claimed by him, and claimed the right to the possession of the premises by virtue of such arrangement. From a judgment in favor of the plaintiff in the justice's court the defendant appealed to the circuit court, whereupon the cause was tried in said last-named

court, and at the close of the trial the presiding judge, in his charge to the jury, stated the arrangement of October 16, 1886, as claimed by the plaintiff, and charged the jury, in effect, that if they so found the arrangement to be from the evidence, then their verdict must be for the plaintiff. He also charged the jury as follows, to wit:

" The defendant contends that the arrangement and agreement made in Mr. Watson's office, pursuant to which said quitclaim deed was made, was substantially this: That the defendant should still, notwithstanding the deed, have an interest in the said land, with privilege of selling it within said period of fourteen months, if he could get more for it than what was due to the plaintiff under said contract, and that in such case he should have what might be received for the land in excess of the plaintiff's demand; and that, if the plaintiff should sell it during said period for an amount more than what was due him, he was to turn over to the defendant the excess; and, further, that if within said period of fourteen months the defendant should pay to the plaintiff the amount due upon said contract, the latter should make to him, the defendant, a deed of said land. If the jury find that what, as aforesaid, the defendant contends to have been the arrangement at the time said quitclaim deed was made, is supported by the preponderance of the testimony, their verdict should be for the defendant; as, if such was the agreement under which the defendant continued to hold the possession of the said land, it gave him such an interest in it that he could not be removed from its possession as a tenant holding over after the expiration of his lease, which is the claim made by the plaintiff in this case."

Thereupon the jury returned a verdict in favor of the defendant; and from the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Ed. M. Lowry,*

attorney, and *W. E. Carter*, of counsel, and oral argument by *Mr. Carter*.

*R. A. Watkins* and *A. R. Bushnell*, for the respondent.

CASSODAY, J.   For the purposes of this appeal we shall assume that the plaintiff's exception to the portion of the charge quoted in the foregoing statement was taken in time. The verdict for the defendant resolved all disputed questions of fact in his favor and against the plaintiff.   The effect of that verdict is therefore that the facts were not as contended by the plaintiff, but were as contended by the defendant. From a careful reading of the printed case, we are forced to hold that there is sufficient evidence to support the verdict.   The question, therefore, recurs whether the facts so submitted to and found by the jury authorized the maintenance of this action of unlawful detainer.   There is no claim that the facts bring the case within the remedy given by sec. 3359, R. S.   The contention is, however, that they do bring the case within the provisions of sec. 3358, R. S.[1] This court has repeatedly held that such an action cannot be maintained under that section unless the conventional relation of landlord and tenant exists at the time between the plaintiff and the defendant.   *Buel v. Buel*, 76 Wis. 413; *Menominee R. L. Co. v. Philbrook, ante*, p. 142; and cases cited in the opinions.   Such an action is a summary remedy given by statute, but was never intended as a substitute for ejectment or a bill in equity.   "A justice of the peace has no jurisdiction to try the title to land.   But the facts upon which the right of removal is based may be put in issue by the answer, and the issue so raised may be tried and determined in a justice's court. . . .   Even where the facts show that the defendant has an interest in the premises

---

[1] Sec. 3358, R. S., provides that in the cases specified "any tenant or lessee" of real property "may be removed therefrom in the manner prescribed," etc.— REP.

which can only be fully protected in a court of equity, yet, if they are such as to disprove the conventional relation of landlord and tenant, they will be sufficient to defeat such action of unlawful detainer." 76 Wis. 416, 417.

The question to be determined, therefore, is whether the facts found by the jury in the portion of the charge quoted in the foregoing statement, were such as to create the conventional relation of landlord and tenant between the plaintiff and the defendant. Such facts were to the effect that the quitclaim deed was given to the plaintiff by the defendant and wife in pursuance of an arrangement and agreement that the defendant should retain an interest in the land with the privilege of selling the same, within the time named, for a price exceeding the amount due on the contract, and, in case of such sale, retain such excess; that, in case the plaintiff should sell during said period for an amount more than his due, then he should turn such excess over to the defendant; that if the defendant paid the amount due on the contract during said period, then the plaintiff should reconvey the land to the defendant. In accordance with numerous adjudications of this court, we must hold that the agreement thus found left in the defendant an equity of redemption in the land, and of course disproved the conventional relation of landlord and tenant. A few of these cases only are cited. *Starks v. Redfield*, 52 Wis. 349; *Rockwell v. Humphrey*, 57 Wis. 410; *Schriber v. LeClair*, 66 Wis. 579; and cases cited in the opinions. It is contended, in effect, that the absence from the arrangement of any express personal agreement on the part of the defendant to repay the money barred him of all equity of redemption in the premises. But that fact is not always conclusive, as shown by numerous authorities in the cases cited. Once a mortgage, always a mortgage, is the rule generally recognized in the cases. *Ibid.* When the facts and circumstances of the transaction are equivocal, the

question whether it constitutes a pledge, security, mortgage, or a conditional sale is one of intention. *Ibid.* Whenever the relation of debtor and creditor is created by the transaction, *or previously existed,* and by express language *or fair implication* continues, and the possession is retained by the grantor, the transaction is usually held to be a pledge, security, or mortgage, especially if the value of the property conveyed is considerably in excess of the price allowed. *Ibid.* But the cases cited so fully discuss the questions here involved as to require nothing additional in this opinion. It is enough to say that the facts found negatived the existence of the conventional relation of landlord and tenant between the parties. *Buel v. Buel,* 76 Wis. 413; *Menomonie R. L. Co. v. Philbrook, ante,* p. 142.

*By the Court.—* The judgment of the circuit court is affirmed.