Brauchle vs. Nothhelfer.

BRAUCHLE, Respondent, vs. NOTHHELFER, Appellant.

*September 10 — September 25, 1900.*

107    457
109    246

107         457
d112      ⁴489

*Forcible entry and detainer: Jurisdiction: Notice to quit: Proof of service: Landlord and tenant: Lease: Construction: Court and jury: Prejudicial error: Pleading: Counterclaim.*

1. In an action for unlawful detainer, the complaint, being in the form prescribed by law, confers jurisdiction of the subject matter. The summons is merely the means of acquiring jurisdiction of the person, and an objection that it is not in the form prescribed by law is waived by appearing generally without objection to the jurisdiction over the person.

2. A notice to a tenant who was in default in the payment of rent, in substance: "I hereby demand that you deliver up and surrender to A. B., the undersigned, within three days of the service of this notice upon you [the described premises], for the reason that you have failed to comply with the conditions and agreements of the lease under which you went into possession thereof, by neglecting and refusing to pay the rent due thereon [specifying the date when due]: Now, therefore, unless the said rent is paid or possession of said premises delivered to me as herein demanded, I shall proceed to obtain possession thereof," — satisfies the statute (sec. 3358, Stats. 1898), which requires that the notice shall demand in the alternative the payment of the rent or the possession of the premises.

3. Where there was no pretense that a notice to a tenant to pay rent or surrender possession of the premises was not served as specified in the return of an officer indorsed thereon, its admission without objection, and its confirmation by the testimony of the officer, proved, *prima facie*, the service of the notice, even though the return might have been inadmissible if objected to.

4. Where a lease provided that, in case the landlord desired to sell the premises during the term, the tenant should have "the first privilege of buying said property" at a certain sum, there was nothing in this promise,— the contingency giving the right to exercise such option not having arisen, and the tenant not having parted with any value or otherwise changed his position by reason of it,— which gave him any rights in the premises save such as he held as tenant under the lease.

5. Where the evidence was all on one side and uncontradicted, and so conclusively established all of the facts material to plaintiff's re-

covery that it would have been the duty of the court to direct a verdict in her favor, the refusal of the court to allow a jury trial is not prejudicial to defendant, and the error, if any, cannot be ground for reversal on appeal, under the positive command of sec. 2829, Stats. 1898, that no judgment shall be reversed for any error or defect which shall not affect the substantial rights of the adverse party.

6. An answer in an action for forcible entry and detainer, which alleged a promise and failure to repair, whereby defendant's ice was destroyed and the premises rendered of no value, with no *ad damnum* clause, and no facts pleaded expressly as a counterclaim, or so denominated, is demurrable as a counterclaim.

APPEAL from a judgment of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

Action of forcible entry and detainer, commenced before a justice of the peace. The complaint, in form prescribed by statute, alleged possession by the defendant under a lease as tenant of the plaintiff, default in the payment of two instalments of rent, and service of notice in the alternative to quit or pay rent more than three days before the commencement of the suit. The answer was a general denial, some special denial, and an allegation of breach of certain verbal covenants to repair and keep in repair the roof, whereby defendant's ice had been melted, and the premises rendered of no value. Judgment was demanded for dismissal and damages by way of counterclaim. To this attempted counterclaim a demurrer was interposed. From a judgment before the justice of the peace in favor of the plaintiff the defendant appealed to the circuit court, where the case was noticed for trial by the plaintiff, and was entered upon the calendar as an issue of fact for the court. After the second day of the term the demurrer to the counterclaim was argued and was sustained, and the case called for trial before the court, the jury having meanwhile been discharged for the term. The defendant objected to going to trial before the court without a jury, which objection was overruled, and the defendant reserved exception thereto. Upon the trial evidence

was given of the lease, the default in the payment of rent,. and of the giving of the notice to quit. At the close of the plaintiff's case it was conceded in open court that the defendant was and had been ever since its date in possession of the property under the lease. After the close of plaintiff's case the court inquired of the defendant if he had any evidence to offer that he was not in default in the payment. of rent, and, being answered in the negative, announced its. decision in favor of the plaintiff, whereupon findings were made and judgment entered in the usual form for possession of the premises. Defendant appealed.

*E. E. Brossard*, for the appellant.

*G. W. Stephens*, for the respondent.

DODGE, J.   Numerous errors are assigned:

1. That the court failed of jurisdiction because the summons was not in the form prescribed by law for an action of forcible entry and detainer. This objection is without merit. The defendant appeared generally without objecting to the jurisdiction over his person, and has therefore waived any objection, The complaint, having been in the form prescribed by law, conferred jurisdiction of the subject matter. The summons was merely the means of acquiring jurisdiction of the person.

2. It is objected that the notice to quit is not in compliance with the statutory requirement. That notice was to. the following effect: "I hereby demand that you deliver up and surrender to *Mrs. Agnes Brauchle*, the undersigned,. within three days of the service of this notice upon you [the described premises], for the reason that you have failed to comply with the conditions and agreements of the lease under which you went into possession thereof, by neglecting and refusing to pay the rent due thereon on the 27th day of February, 1899, and the 27th day of March, 1899: Now, therefore, unless the said rent is paid or possession of said prem-

ises delivered to me as herein demanded, I shall proceed to obtain possession thereof." The statute merely requires that the notice shall demand "in the alternative the payment of the rent or the possession of the premises." Stats. 1898, sec. 3358. We think this notice satisfies the statute. Clearly, the final clause notified the defendant that if he paid the rent possession of the premises would not be demanded.

3. It is contended that there was no evidence of the service of this notice. There was indorsed thereon a return of service by the city marshal, which, being offered in evidence and objected to by defendant on the ground that it was not sworn to, was rejected; whereupon the city marshal was called as a witness, testified that he was such city marshal on the date named in the return, that he signed the return, and remembered serving copy of the notice on the defendant; whereupon the plaintiff again offered the return in evidence, and it was received without objection. There is no pretense in the case that the notice was not served as specified in that return, and, while the same may have been inadmissible if objected to, yet, it having been admitted without objection and substantially confirmed by the testimony of the city marshal, we must hold it sufficient to make the plaintiff's *prima facie* case.

4. Defendant urges that he had other rights than those of a mere tenant in the premises because his lease, which otherwise was 'in the ordinary form, contained a provision that, if the landlord desired to sell the premises within the term of the lease, she gave to the second party "the first privilege of buying said property at the sum of $8,000." No defense on this ground was pleaded, and no pretense is made that the contingency had in any way arisen to give defendant the right to exercise this option, nor that he had parted with any value or otherwise changed his position by reason thereof. There was nothing in this mere promise in certain

contingencies to extend to him an option to purchase which
gave him any equitable or other rights in the premises save
such as he held as a tenant under that lease.   The situation
differs radically from that in any of the cases cited by appel-
lant, where equities of redemption were found to exist.
*Nightingale v. Barens*, 47 Wis. 389; *Buel v. Buel*, 76 Wis.
413; *Hunter v. Maanum*, 78 Wis. 656.

5. We find it unnecessary to decide whether error was.
committed in overruling appellant's objection to trial by the
court without a jury for the reason that no issue of fact
was raised on the trial.   The evidence was all on one side,
and uncontradicted, and so conclusively established all of
the facts material to plaintiff's recovery that it would have
been the duty of the court to direct a verdict in her favor.
The absence of a jury, therefore, cannot have been preju-
dicial to the defendant, and the error, if any, in denying
him a jury trial, cannot be ground for reversal, under the
positive command of sec. 2829, Stats. 1898.

6. The demurrer to the so-called counterclaim was prop-
erly sustained, for the reason, if for no other, that no facts
were pleaded expressly as counterclaim or were so denom-
inated.   A representation as to condition of roofs, and
promise and failure to repair, whereby defendant's ice was.
destroyed, and whereby the premises were of no value, is
contained in the answer; all set up as if by way of defense,
with no *ad damnum* clause, and no intimation throughout.
of intent to urge them either as counterclaim or setoff.   The
entire answer concludes with: "Wherefore defendant de-
mands that the complaint be dismissed, and that he have
judgment against plaintiff by way of counterclaim for one
thousand dollars;" but there is nothing to indicate what
part of the allegations contained in the answer, if any, the
pleader intended as support for this prayer for damages.
Such prayer is therefore not supported, and anything that
defendant's attorney might have intended for counterclaim

McGowan vs. The Supreme Court of I. O. F. of Toronto, Canada.

is demurrable, because neither pleaded as such nor so denominated.   *Rood v. Taft*, 94 Wis. 380.

We discover no error prejudicial to the defendant.

*By the Court.*— Judgment affirmed.