Maxham, Respondent, vs. Stewart and wife, Appellants.

*November 9—November 26, 1907.*

*Landlord and tenant: Tenancy at will or sufferance created by operation of law: Remedies of landlord: Ejectment: Forcible entry and detainer.*

1. Pending negotiations for a contract for the purchase of land, to be paid for in personal care and attention to the vendor during the lifetime of the latter, the vendees entered into possession, but the parties were never able to agree upon the terms of the contract. Dissatisfaction having arisen the vendor brought an action of unlawful detainer to remove the vendees from the land. *Held*, that a tenancy at will or by sufferance by implication of law was created from the relations of the parties, terminable by ejectment rather than by unlawful detainer, and hence that plaintiff mistook her remedy. *Buel v. Buel*, 76 Wis. 413, followed.

2. Statutes authorizing an action of unlawful detainer against any tenant or lessee at will or by sufferance do not apply where that relation is created by operation of law, but are limited to cases where the conventional relation of landlord and tenant exists.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeal is from a judgment in an action for unlawful detainer.

For the appellants there was a brief by *G. Stevens,* of counsel, and *W. A. Wyse,* attorney, and oral argument by *Mr. Stevens.*

*James A. Stone,* for the respondent.

TIMLIN, J. This case presents one of those unfortunate family controversies almost inevitable when exacting and irritable old age contracts with selfish youth for those attentions which are ordinarily the gifts of filial love rather than the obligations of contract. The plaintiff resided at Reedsburg in this state and invited the defendants, her daughter and her daughter's husband, who lived in Chicago, to come to Reedsburg and take charge of and reside upon plaintiff's farm with plaintiff and care for the plaintiff. The defendants accepted such invitation and went into possession in the early part of April, 1905. The complaint averred that the defendants went into possession under an implied agreement and for a term not exceeding one year and during the pleasure of the plaintiff, agreeing to furnish the plaintiff all the necessaries of life except firewood and milk, and agreeing to treat the plaintiff in a dutiful and filial manner, and that these things defendants failed to do, whereupon notices were given, etc. The defendants claimed they were in possession under parol contract for the purchase of said land, by the terms of which they should support the plaintiff during her lifetime, and in consideration thereof the premises in question were to be conveyed by plaintiff to the defendant *Alice,* and that defendants faithfully performed, etc. The circuit court found "that the plaintiff and defendants never reached any agreement as to the conditions upon which the title to the property was to be transferred to said defendants

or to either of them." We cannot say that this finding is contrary to the evidence. The letters passing between the plaintiff in Reedsburg and her daughter in Chicago relative to the terms upon which the defendants might take possession and have the land in question are very indefinite and uncertain, and they are not helped out much by the acts of the plaintiff's son, who acted for her, because he finally left an essential part of the contract to be settled between the plaintiff and the defendants, and it does not appear by any preponderance of the evidence that this was ever thereafter agreed upon. We must treat the case, therefore, as one in which, pending negotiations for a contract for the purchase of land to be paid for by personal care and attention to be given by the vendees to the vendor during the lifetime of the latter, the vendees entered into possession, but the parties were never able to agree upon the terms of the contract.

In *Buel v. Buel,* 76 Wis. 413, 45 N. W. 324, the defendant went into possession of the land pursuant to a parol understanding between him and his son, the plaintiff, that the defendant should occupy the same as his home during the lives of defendant and his wife, the mother of the plaintiff, and defendant during his occupancy had built on the lot a new house, repaired the fence and built a sidewalk, planted trees, put in a pump and built a new barn, and paid some of the taxes. The plaintiff served notice to quit upon the defendant as a tenant at will, and after waiting more than thirty days commenced an action of unlawful detainer in justice's court, where plaintiff had judgment of restitution. Upon appeal to the circuit court plaintiff again had judgment of restitution, and on appeal from the last-named court to this court that judgment was reversed with directions to dismiss the complaint. The parol agreement under which defendants took possession in *Buel v. Buel, supra,* was void under the statute of frauds, but there resulted by implication of law therefrom a tenancy at will. Notwithstanding the statute

then and now—sec. 3358, Stats. (1898)—authorized this action of unlawful detainer against any tenant or lessee at will or by sufferance, this court, following the New York cases, held that the statute did not apply where that relation was created by operation of law, but was limited to cases where the conventional relation of landlord and tenant existed. It is difficult to say that the relation of tenant at sufferance is a conventional relation, but this court doubtless felt itself bound by the interpretation given to that statute by the courts of New York prior to its adoption from that state by the legislature of Wisconsin. In *Wiggin v. Woodruff*, 16 Barb. 474, the New York statute (subd. 1, § 28, tit. 10, ch. 8, pt. 3, R. S. N. Y. 1829) is referred to, and some stress is laid upon the language of that subdivision, which differs from subd. 1, sec. 3358, Stats. (1898). In *People v. Simpson*, 28 N. Y. 55, the following quotation gives the point of the decision:

"The facts stated in this case were perhaps sufficient to support the conclusion that Mitchell was tenant by sufferance by operation of law, but a tenancy or a *quasi*-tenancy thus arising does not make a case within the statute, and, if there existed facts creating a different relation, it rested with the claimant to show them."

The cases of *Benjamin v. Benjamin*, 5 N. Y. 383, and *People ex rel. Ainslee v. Howlett*, 76 N. Y. 574, were cases in which it was ruled that tenancy at will or by sufferance resulting from legal implication rather than from agreement of the parties would not support an action of this kind. In the case of *Webb v. Seekins*, 62 Wis. 26, 21 N. W. 814, decided several years prior to *Buel v. Buel, supra,* the defendant claimed to be in possession under a contract of purchase. The trial court negatived this claim in its findings, and found that the defendant was on the farm as tenant at will of the grantor of the plaintiff. These findings were challenged. The opinion proceeds upon the facts as follows: The defendant worked his father's farm on shares during the season of 1882. It

was then talked over in the family between the defendant, his father, mother, and brother that the old people should move upon a new farm with defendant's brother, leaving the defendant upon the old farm, with the understanding that defendant and his brother should work together in harmony and pay up the mortgage indebtedness on the two farms and each pay one half of their father's small debts, and when the old folks were dead the defendant and his brother should be paid for so doing. The old folks and defendant's brother moved upon the new farm, leaving the defendant on the farm in question. Defendant worked that farm, paid some interest on one of the mortgages, and made some improvements. The defendant wished this arrangement to continue for seven years, but his mother objected to any agreement being made for its continuance for any longer period than one year, and no agreement was reached as to the length of time this arrangement should continue. The defendant's father conveyed the old farm to the plaintiff, Webb, and Webb brought suit for unlawful detainer against the defendant. Language in the opinion seems to conflict with the decision in *Buel v. Buel,* 76 Wis. 413, 45 N. W. 324, but the value of *Webb v. Seekins* as a precedent must, as in all other cases, be arrived at from the points decided rather than from the language employed in the opinion. Young Seekins was in possession as a tenant or as a person receiving a share of the crops. While in this relation to the owner, he could upon default or at the end of his term have been removed under the unlawful detainer statute. The parties then attempted to make a different contract, but their minds never met upon the new proposed contract; so that the first or former relation continued. Seekins remained liable to be removed under the provisions of sec. 3358 and subd. 2, sec. 3359, Stats. (1898). In *Menominee River L. Co. v. Philbrook,* 78 Wis. 142, 147, 47 N. W. 188, *Buel v. Buel, supra,* is cited with approval; also in *Hunter v. Maanum,* 78 Wis. 656, 48 N. W. 51, and in *Brauchle v.*

*Nothhelfer,* 107 Wis. 457, 83 N. W. 653. It seems best in the interest of legal certainty to adhere to the construction given that statute in *Buel v. Buel, supra,* and to hold that tenancy at will or by sufferance created by implication of law from the relations of the parties, and not created by agreement, must be terminated by ejectment rather than by proceedings under this statute. Both the complaint and the findings in the case at bar show a tenancy at will resulting as a legal implication from the acts of the parties. *Rogers v. Hill,* 3 Ind. Terr. 562, 64 S. W. 536, and cases cited.

It follows that the plaintiff has mistaken her remedy, and that the judgment should be reversed and the cause remanded with directions to dismiss the complaint.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.