LATHROP, Appellant, vs. MILLAR, Respondent.

*March 16—April 5, 1911.*

*Landlord and tenant: Unlawful detainer: Ejectment.*

**An action for unlawful detainer cannot be maintained against one
who went into possession of a dwelling house under an oral
agreement with the owner that he might retain possession, with-
out payment of rent, during the life of the owner in considera-
tion of services and support, and who is not in default. If such
oral agreement is void, ejectment, not unlawful detainer, is the
proper remedy, because the conventional relation of landlord
and tenant does not exist.**

APPEAL from a judgment of the circuit court for Kenosha
county: J. C. LUDWIG, Judge. *Affirmed.*

This is an action of unlawful detainer for the nonpay-
ment of rent. The defendant denied that the relation of
landlord and tenant existed, and alleged that he went into
possession of the dwelling house in question in May, 1905,
under an oral agreement with Jason Lathrop (the then owner)
that he (*Millar*) should live in the house rent free during
said Jason's life, and have the charge and management of said
Jason's property and furnish him a room and support during
his life, for all of which services *Millar* was to receive, in addi-
tion to the use of the dwelling, $100 per month. The de-
fendant further claimed that Jason Lathrop lived with him
under this arrangement until the latter part of 1906, when
he left without cause and did not return, and that he (plaint-
iff) stood ready at all times to receive said Jason back in pur-
suance of his contract. Trial by jury was waived. It ap-
peared on the trial that Jason Lathrop, the original owner of
the premises, was very old and infirm in 1905 and was with-
out immediate family, but was living on the premises in dis-
pute with the family of a tenant; that the defendant *Millar*
had married his granddaughter and was living in Milwaukee;
that as a result of some negotiations *Millar* came to reside in

Kenosha in May, 1905, and moved into the premises with Lathrop's consent, and they lived together till the fall of 1906, when Lathrop left and went to reside with a friend at Twin Lakes, Kenosha county. In February, 1907, Lathrop deeded all of his property, including the dwelling house in question, to the plaintiff, his son, and in April following the plaintiff commenced this action of unlawful detainer, claiming to recover on account of the nonpayment of rent.

The trial court found as matters of fact, in substance, that about April 1, 1905, an oral agreement was entered into by and between Mr. Jason Lathrop and the defendant *Millar,* by which it was understood that the defendant should receive from Jason Lathrop the use and occupancy of the premises in question without the payment of rent or other charges during the lifetime of Jason Lathrop, the defendant to give the old gentleman suitable board and lodging during such time at the dwelling house on said premises, and that the defendant was to attend to Mr. Lathrop's business and receive compensation for such services, but not a fixed sum of $100 per month; that Jason Lathrop left the defendant's home late in the year 1906 or the fore part of 1907, without just cause, and that so long as defendant is ready and willing to comply with his part of the agreement said agreement is in full force and effect, and the defendant cannot be ousted from the possession of said premises; that by the terms of said agreement a room was reserved in the dwelling house on said premises for the use of said Lathrop; and that said *Millar* thus far had performed his part of the agreement and was ready, willing, and able to continue to do so.

As conclusions of law the court found that the agreement was and still is in force and effect; that the defendant cannot be ousted from possession nor compelled to pay money rental for the premises provided he faithfully performs said agreement, or stands ready, willing, and able to do so; that whatever right the plaintiff has acquired, the same is subordinate

to that of the defendant; and that the defendant is entitled
to judgment of dismissal on the merits.

The cause was submitted for the appellant on the brief of
*Wallace Ingalls,* and for the respondent on that of *Peter
Fisher.*

Counsel for the respondent cited 1 Taylor, Landl. & T.
(8th ed.) § 24; *Kerrains v. People,* 60 N. Y. 221; *Haywood
v. Miller,* 3 Hill (N. Y.) 90; *Oakley v. Schoonmaker,* 15
Wend. 226; *Buel v. Buel,* 76 Wis. 413; *Nightingale v. Bar-
ens,* 47 Wis. 389; *Maxham v. Stewart,* 133 Wis. 525.

WINSLOW, C. J.    The only contention made by the appel-
lant is one of fact, namely, that the evidence does not support
the court's finding to the effect that the agreement claimed by
the defendant (except that part pertaining to the monthly
salary) was in fact made.    Much space might be used in re-
viewing the evidence *pro* and *con* upon this question, but it
would be mere wasted space; it must be sufficient to say that
we have carefully examined the evidence and find it entirely
sufficient to support the finding.

With this fact established, namely, that the defendant went
into possession under an agreement with the owner that he
might retain possession without payment of rent during the
life of the owner in consideration of services and support, it
is quite certain that the action of unlawful detainer cannot
be maintained, because, if the agreement be valid and en-
forceable, then the defendant being not in default is entitled
to insist that it be carried out.    If, on the other hand, it be
void under the statute of frauds, ejectment and not unlawful
detainer is the proper remedy, because the conventional rela-
tion of landlord and tenant does not exist, but only a ten-
ancy at will or by sufferance resulting by implication of law.
*Buel v. Buel,* 76 Wis. 413, 45 N. W. 324; *Maxham v. Stew-
art,* 133 Wis. 525, 113 N. W. 972.    So in either event the
judgment of dismissal of the complaint must be affirmed.

This affirmance, however, is not to be construed as affirming the correctness of the legal conclusion stated by the trial court in its findings to the effect that the oral agreement is valid or can be enforced. There may be doubt upon that proposition. It was not argued, and we do not find it necessary either to approve or disapprove of it. In affirming the judgment that question is left open and may be litigated in any future litigation between the parties without embarrassment resulting from this decision. This affirmance simply decides the proposition that an unlawful detainer action cannot be brought by the plaintiff whether the agreement be valid or not, and determines nothing as to its validity.

*By the Court.*—Judgment affirmed.