TOWER BUILDING COMPANY, Appellant, vs. ANDREW, Respondent.

*October 12—November 9, 1926.*

*Landlord and tenant: Failure to pay rent: Remedies of lessor: Unlawful detainer: Necessity for alternative notice.*

1. A lessor having declared a forfeiture of a lease according to its terms for nonpayment of rent and having elected to proceed under the unlawful detainer statute (sec. 291.01), is required to give the alternative notice to vacate the premises or pay rent required by sub. (2), and, having failed to do so, is not entitled to the relief provided by that section. p. 273.

2. When a party seeks to invoke the summary remedy provided by the unlawful detainer statute he must bring himself within its terms. p. 273.

3. The breach of a covenant by the lessee to yield possession of the premises on termination of the lease does not entitle the landlord, after termination of the lease for nonpayment of rent, to proceed under the unlawful detainer statute, sub. (3), sec. 291.01, without the alternative notice required by sub. (2). p. 274.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

Unlawful detainer. The plaintiff leased certain premises to the defendant, the defendant failed to pay the rent, the plaintiff served a notice requiring the defendant to deliver possession of the premises at the expiration of three days, and the defendant refused to comply with the notice. This action was begun under the provisions of ch. 291, Stats. (unlawful detainer). There was judgment for the defendant, from which the plaintiff appeals. Other material facts are stated in the opinion.

For the appellant there was a brief by *Arthur J. Pellette,* attorney, and *Raymond T. Zillmer,* of counsel, both of Milwaukee, and oral argument by *Mr. Zillmer.*

For the respondent there was a brief by *Hammersley & Torke,* attorneys, and *Norton A. Torke,* of counsel, all of Milwaukee, and oral argument by *Mr. Torke.*

ROSENBERRY, J. The sole question raised in this case is the right of the plaintiff to invoke the remedy provided by ch. 291, Stats. (unlawful detainer), under the facts of this case. The lease was for a term beginning March 1, 1926, and ending November 30, 1927, at an annual rental of $1,200, payable in monthly instalments of $100 each on the first day of each and every month, the first payment to be made on the 1st day of March, 1926. The rent was to be paid at the office of M. L. Annenberg Company in accordance with the terms of the lease, and the lease contained the further covenant:

"It is expressly agreed and understood by and between the parties hereto that it shall not be necessary for said lessor or its agents to demand said rent at any place other than the place specified by the lessor for the payment of the same."

After the execution of the lease there was a supplementary agreement executed which provided as follows:

"Provided always and these presents are made upon the express condition, that if default be made in the payment of the rent above reserved, or any part thereof, or in any of the covenants and agreements herein contained to be kept by the lessee, . . . then and in either case it shall be lawful for the said lessor at any time thereafter, at the election of said lessor, or its legal representatives, without notice, to declare said term ended, and to re-enter said demised premises or any part thereof, either with or without process of law, and the said lessee or any person or persons occupying the same to expel and remove, using such force as may be necessary so to do, and the said premises to again repossess and enjoy as before this demise without prejudice to any remedies which might otherwise be used for arrears of rent or proceedings for breach of covenants, and such expulsion or removal, whether by direct act of said lessor, its agents or employees, or through the medium of legal proceedings instituted for that purpose, shall not affect the liability of said lessee for the past rent due or future rent to accrue under this lease."

The lessee failed to pay the first instalment at the time stipulated in the lease. On the 7th or 8th of March the agent of the lessor by telephone reminded the lessee of the fact that his rent was due March 1st. Thereafter and on the 10th day of March the defendant delivered to the lessor's agent a check for $100, and on March 12th the check was returned marked "Not sufficient funds." On March 12th the lessor served upon the defendant a notice that the lease was terminated because the check was returned marked "Not sufficient funds." It is the claim of the defendant that due to the loss of his check stubs he had made a mistake and supposed he had funds in the bank sufficient to meet the check. After receiving notice of the termination on March 12th, the defendant endeavored to pay the rent,

but tenders thereof were refused, and on March 15, 1926, the plaintiff caused to be served upon the defendant the following notice:

"You are hereby required to deliver to me, at the expiration of three days after the service of this notice on you, the possession of the following described premises, viz.: The first floor store known as No. 2703 Wells street, in the city and county of Milwaukee, state of Wisconsin, which you now hold over without my permission, contrary to the conditions and covenants of the agreement under which you hold."

The defendant did not vacate, and this action in unlawful detainer was begun.

Counsel for plaintiff make a lawyerlike and ingenious argument to the effect that, the lease having been terminated in accordance with its terms by the notice on the 12th of March, plaintiff had a right thereafter to proceed under sub. (3) of sec. 291.01 (unlawful detainer) without giving defendant lessee opportunity to pay the rent within three days or vacate. The section so far as applicable is as follows:

"Section 291.01 In the following cases any tenant or lessee at will, or by sufferance, or for any part of a year, or for one or more years of any real property, . . . may be removed therefrom in the manner prescribed in this chapter: . . .

"(1) When such person holds possession after the expiration of the term by lapse of time or after such tenancy at will or sufferance has been terminated by either party. . . .

"(2) When such person holds over without such permission after any default in the payment of rent pursuant to the agreement under which he holds and three days' notice in writing, requiring in the alternative the payment of the rent or the possession of the premises, has been served in behalf of the person entitled to such rent on the person in possession of the premises in the manner provided in sections 262.08 and 262.09 for the service of a summons," etc.

"(3) When such person holds over without such permission, contrary to any other conditions or covenants of the agreement under which he holds, after three days' notice requiring the delivery of the possession of the premises has been served, as above required, on the person holding such possession."

There can be no doubt that the lease was by its terms and the service of the notice on March 12th forfeited and at an end. As the plaintiff contends, in such circumstances the plaintiff might invoke any applicable remedy to repossess himself of the leased premises. The lease provided one method, that is the lessor might have re-entered and repossessed himself of the premises in accordance with the terms of the contract provided he could do so without violating the statutory provision against forcible entry (sec. 291.03). Second, the lessor might have maintained an action in ejectment against the lessee. *Lathrop v. Millar,* 146 Wis. 82, 130 N. W. 959; 36 Corp. Jur. § 1773 and cases cited. Third, the lessor could invoke the remedy provided by the unlawful detainer statute. The lessor chose the last course. When one, however, seeks to invoke the summary remedy provided by the unlawful detainer statute, he must bring himself within its terms. The lease was by its terms forfeited and terminated; nevertheless such forfeiture arose by reason of the defendant's failure to pay the rent. He held over without permission after default in payment of rent. Where a forfeiture is claimed on that ground before the remedy in unlawful detainer can be invoked, sub. (2) provides that the landlord must give the tenant his choice of surrendering possession of the premises or paying the rent within three days. If the rent is paid the forfeiture is waived and the landlord's right to remove the tenant terminated. If the landlord wishes to stand on his rights and not to waive the forfeiture he must proceed in some other way. The statute expressly provides that

when the forfeiture is claimed for the violation of covenants other than that for the payment of rent, the notice need not be in the alternative.

The lease also contained the following covenant on the part of the lessee:

"To yield up immediate possession of the demised premises to said lessor at the termination of this lease by lapse of time or otherwise."

It is argued that this is an "other" condition or covenant, the breach of which entitles the lessor to proceed under sub. (3) of the statute. However, the covenant in question is not one of the class of covenants, breach of which may at the election of the lessor work a forfeiture of the lease. Manifestly, it does not operate until the lease is at an end either by lapse of time according to its terms or has been terminated in the manner provided in the lease. It is therefore not an "other" covenant within the meaning of sub. (3). To hold otherwise would be to hold that the lessor, by merely inserting in the lease a covenant that after its forfeiture for nonpayment of rent the lessee should surrender possession, could avoid entirely the operation of sub. (2) of sec. 291.01.

Plaintiff does not claim a forfeiture for the breach of any other covenant than that of the payment of rent, and having failed to serve a notice in the alternative as required by the provisions of sub. (2), the circuit court correctly reversed the judgment of the civil court of Milwaukee county giving restitution of the premises, and the judgment of the circuit court dismissing the plaintiff's complaint was right.

*By the Court.*—Judgment affirmed.