Bahcall and others, Respondents, vs. Gloss, Appellant.

*December 8, 1943—January 18, 1944.*

For the respondents there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Abraham Sigman*.

FOWLER, J.   The action is brought to recover rent of offices leased by plaintiffs to defendant under a written lease for a five-year term.   The answer alleged that in "violation of their covenant to give the defendant peaceable and quiet possession thereof, plaintiffs permitted adjoining tenants to interfere with the defendant's quiet enjoyment of said offices by almost continually annoying defendant, his employees and his patients with loud and startling noises, foul talk and cursing and swearing which was plainly audible to defendant and any-one in his suite of offices," and that by reason of the plaintiffs' failure to "abate the nuisance" the defendant was "compelled to relinquish possession."

The lease was executed during the construction of a building in which a theater was to be conducted.   The defendant went into possession on completion of the building and occupied the leased rooms for nine months.   He abandoned them on the ground that the noises complained of rendered them unfit for use as office rooms of a physician, the purpose for which he leased them.   He paid the monthly rental during his occu-

pancy. The suit is to recover the unpaid rents accrued at the time the suit was brought. Trial was commenced before court and jury. At close of the testimony a verdict for the plaintiffs was directed and judgment was entered accordingly.

The lease, being for more than three years, was a conveyance of real estate, and being such no covenant can be implied. Secs. 235.50, 235.02, Stats. The lease contained no covenant of "peaceable and quiet possession" and none can be implied.

The parties are agreed that the lease being for a five-year term, in absence of an express covenant of peaceable possession, a tenant cannot defend an action to recover rent on the ground of breach of such covenant. The defendant does not attempt to defend on that ground. The ground of defense relied on is eviction by wrongful conduct of the plaintiffs.

It is to be noted that by the answer above stated the defendant alleged a wrongful eviction by failure to abate a nuisance, as well as breach of a covenant of peaceable and quiet possession. That the defense of wrongful eviction lies in an action to recover rent is established by the decisions of this court. *Koeber v. Somers,* 108 Wis. 497, 502, 84 N. W. 991; *Wade v. Herndl,* 127 Wis. 544, 547, 107 N. W. 4; *Manning v. Galland-Henning P. M. D. Mfg. Co.* 141 Wis. 199, 203, 124 N. W. 291. It is also so established that any act of a landlord that so interferes with a tenant's possession of the leased premises as to "unfit them for the purposes for which they were leased, and render them uninhabitable for such purposes, and compel the abandonment thereof, constitutes an eviction." *Silber v. Larkin,* 94 Wis. 9, 12, 68 N. W. 406.

The main question for determination thus is whether under the rule last above stated the conduct of the plaintiff shown by the evidence was such as to warrant a finding of an eviction.

The evidence is not in dispute. As above stated, the lease was executed while the building was being constructed. The defendant knew that the building was to be occupied by a theater and that the leased rooms would be adjacent to the

theater's "projection room" from which the noises complained of by defendant emanated. He also knew that the theater would have "air conditioning" and he asked to have his offices connected with the air-conditioning system. They were so connected, and defendant was aware of the manner of the connection before and while the connection was made. The noises complained of by defendant came direct from the projection room through air ducts of the conditioning system. The noises existed only while the projection room was in use during performances given in the theater, and began at 1:30 in the afternoon. On the defendant's complaining to plaintiffs of the noises and their source the plaintiffs proposed stopping the noises by shutting off the connection of the rooms with the system, but the defendant refused to allow this. The defendant, before entering into the lease, insisted that the projection room be made soundproof, knew of the soundproofing plan of construction, considered it sufficient, and the construction was in accordance with the plan. On complaint being made the plaintiffs installed further means of soundproofing, but these failed to improve the condition.

Assuming that the sounds that emanated from the projection room were of themselves such as to render the leased rooms unsuitable for the purposes for which they were rented we are unable to perceive that the plaintiffs either did anything to cause, or failed to do anything that they could have done to prevent, the condition complained of. Thus they committed no wrong against the defendant. The theater portion had been leased before the defendant's lease was executed. The plaintiffs therefore committed no wrong against the defendant in executing the lease. The conduct of the lessor that renders the premises unfit for the use contemplated must be tortious in order to constitute it an eviction, and the execution of the theater lease not being wrongful as against the defendant was not tortious. The plaintiffs could not compel the lessee of the theater to cease operating its projection room, or to move

it to where its operation would not render the defendant's rooms unfit for the use for which he leased them. We perceive nothing that plaintiffs could have done that they did not do or offer to do that could have either prevented or minimized the noise from the projection room of the theater from entering the defendant's rooms. We are therefore of opinion that the defense set up in the answer that the noise of operating the mechanism in the projection room constituted an eviction is not established.

The answer also alleges "foul talk and cursing and swearing" in the projection room as making the defendant's rooms unfit for his use, but there is no evidence of such talk. No evidence that was offered by the defendant that was material to this alleged defense was received. The court refused to permit examination of witnesses present under subpœna to prove several conditions besides noise from the projection room that on the trial were claimed to constitute an eviction, but none of these were alleged in the answer. These were odors from a popcorn stand in the theater lobby; noise in the lobby adjacent to the theater entry by patrons of the theater; knocking sounds from the radiators in the office rooms when heat was on; unsightly and dirty condition of the stairway and halls leading to the offices of tenants of the building which formed the access to defendant's rooms. None of these facts were admissible under the answer without its amendment and there was no request to amend. The rejection of the offer, without such request, was not improper.

Besides the mechanical and electrical noises emanating from the projection room there was an offer to prove—by one witness on one occasion—the use of foul language in the projection room, but although the rejection of evidence of it was improper this single incident would not of itself as matter of law constitute an eviction. There was also an offer to prove that a fire door in the projection room, required by the building-code rules to be kept closed when the mechanism is

in operation, was many times left open during operation of the mechanism, but this was not alleged in the answer as a ground of eviction. It is quite apparent that if all facts offered in evidence were admissible under the answer, their aggregate effect would justify a finding that the defendant's rooms were unsuitable for the use for which they were leased. But as the only error of the court perceivable from the record as made is the rejection of the offer to prove foul language in the projection room on one occasion, and this of itself would be insufficient to constitute an eviction, we are of opinion that the judgment must be affirmed.

*By the Court.*—The judgment of the municipal court is affirmed.