CONTINENTAL GRAIN COMPANY, Respondent, v. AFRAM BROTHERS COMPANY, Appellant.

*June 6—June 30, 1967.*

For the appellant there was a brief by *Arnold, Murray & O'Neill,* and oral argument by *Lawrence F. Waddick* and *Milton Shinken,* all of Milwaukee.

For the respondent there was a brief by *Godfrey & Kahn,* attorneys, and *Gerald J. Kahn* and *James Ward Rector, Jr.,* all of Milwaukee, and oral argument by *Mr. Rector* and *Mr. Gerald J. Kahn.*

WILKIE, J. The issue presented on this appeal is whether a lessor can rescind a lease agreement for nonpayment of rent where the agreement does not provide for forfeiture of the lease in the event of nonpayment.

In the case at bar the lease agreement does not contain a clause providing for a forfeiture of the lease in the event of nonpayment of rent. The general rule is that in the absence of such a clause in the lease for nonpayment of rent the landlord cannot claim a forfeiture of the lease or right of reentry.[1] It is likewise stated in 32 Am. Jur., Landlord and Tenant, p. 720, sec. 847, as follows:

"A forfeiture of the leasehold may be by virtue of the common law, as in the case of forfeiture for disclaimer of title, by virtue of a statutory provision, or by virtue of some clause in the lease providing for forfeiture in case of breach of covenant or condition. In the absence, however, of an express stipulation or proviso to that effect, the general rule is that the breach by the lessee of the covenants or stipulations on his part contained in the lease does not work a forfeiture of the term, since the lessor's remedy is by way of a claim for damages. In the absence of a stipulation for a forfeiture, a lessee

[1] 51 C. J. S., Landlord and Tenant, p. 683, sec. 104b, states: "In general a tenancy cannot be terminated for breach of covenant by the lessee unless there is an express provision in the lease for forfeiture or right of reentry in such case."

does not forfeit his term by the nonpayment of rent or of taxes which he has covenanted to pay."

More specifically, a lessee does not forfeit his rights in a lease for nonpayment of rent. The rule is stated in 32 Am. Jur., Landlord and Tenant, p. 723, sec. 852, as follows:

"The nonpayment of rent, in the absence of a provision therefor in the lease or of a statute so declaring, does not operate as a forfeiture of the term or confer upon the lessor any right of re-entry, although there is, of course, no question that provisions in leases for a term of years for forfeiture or right to re-enter for nonpayment of rent are valid and enforceable."

Applying this rule to the case at bar, the lessor's rescission of the lease for nonpayment of rent was an invalid action in view of the fact that the lease agreement made no provision for forfeiture of the leasehold in the event of nonpayment of the rent.

The reason for the rule is well stated in 1 American Law of Property, p. 202, sec. 3.11:

". . . Originally the lessee's rights were purely contractual, but from the sixteenth century onward his interest has been as fully protected as that of the owner of any possessory interest in land. The lease operates to convey a possessory estate to the lessee. It is generally considered a conveyance for purposes of execution and delivery and is included, except for shorter terms, under recording acts. But any modern lease also contains numerous contractual provisions—the promise to pay rent, provisions relating to repairs, taxes, insurance, use of the premises, for example. Where there is a failure to perform one of these promises, do the rules applicable to breach of contract apply? Usually the answer of the courts has been in the negative. For the most part the questions have centered around dependence of covenants. If there is a substantial breach of a material covenant in a bilateral contract, the other party, the covenants normally being mutually dependent, is excused from further performance. In leases, the covenants are

assumed to be independent. Thus a breach of the landlord's covenant to repair is no defense to an action of rent; the obligation to pay rent in a lease of a house continues although the house is destroyed. In favor of the tenant, the lessor may not forfeit the lease for failure to pay rent or other breach of covenant unless he has reserved that power."

We realize that the above authorities concern leases of real property. We see no reason why the rule should not apply to the lease of a chattel, as here. Thus, the appellant lessor is not entitled to rescind the lease agreement for nonpayment of rent, but must rely on an action for damages to recover the rent due to him.

The rule that a lessor may not declare the lease forfeit for nonpayment of rent is subject to modification,[2] either where the parties to the lease have inserted in the lease agreement a covenant providing for forfeiture in the event of nonpayment of rent,[3] or where the rule is modified by a statute which provides for forfeiture.[4] Neither of these possible modifications is present in the instant case, however.

Respondent has asserted that appellant's acceptance of late rental payments constituted a waiver of the lease provisions requiring rent to be paid monthly in advance. We do not reach this contention in view of the fact that we have held herein that the appellant is not entitled to rescind the lease agreement for nonpayment of rent.

*By the Court.*—Judgment affirmed.

---

[2] See Note, Real Property—Tenant's Right to Relief from Forfeiture for Non-Payment of Rent, 1950 Wisconsin Law Review, 741.

[3] *Phillips Petroleum Co. v. Taggart* (1955), 271 Wis. 261, 73 N. W. (2d) 482; *Tower Building Co. v. Andrew* (1926), 191 Wis. 269, 210 N. W. 842; see also 1 American Law of Property, p. 380, sec. 3.94.

[4] *Herman v. Kennard Buick Co.* (1958), 5 Wis. (2d) 480, 93 N. W. (2d) 340. Note, 1950 Wisconsin Law Review, supra, footnote 2, at page 749.