Rock County Savings & Trust Company and another, Trustees, Respondents, v. Yost's, Inc., Appellant.

*October 2—October 31, 1967.*

For the appellant there were briefs by *Wickhem, Consigny & Sedor*, attorneys, and *John H. Andrews* of counsel, all of Janesville, and oral argument by *John C. Wickhem*.

For the respondents there was a brief by *Agnew & Porter* of Janesville, and oral argument by *Allen S. Porter*.

HALLOWS, J.   The demurrer admits the defendant was the lessee of a commercial lease for a fifteen-year term commencing on January 1, 1950, of the ground floor and basement of a building located on South Main Street in Janesville, Wisconsin, at a rental of $300 per month. The lease did not expressly provide for its termination for the breach of any of its provisions. The lease did provide:

"Lessee may not assign this lease, or sublet the demises [*sic*] premises without first obtaining the written consent of the Lessors, but such consent shall not be unreasonable [*sic*] withheld."

The lessee desired to sublet the premises in September of 1962 and notified the lessors who did nothing in regard thereto. At the time the lessors were negotiating a lease with the J. C. Penney Company for the premises. Not hearing from the lessors, the lessee notified them it was terminating the lease and giving up possession, which it subsequently did on November 1, 1962. Upon the expiration of the term of the lease, the lessors commenced this suit for twenty-six months' rent in the amount of $7,800.

## I.   The Nature of the Unreasonable Withholding of Consent Clause.

There is a dispute among the authorities whether language in a lease to the effect a lessor will not unreasonably withhold its consent to an assignment or subletting by the lessee is a promise of the lessor, the breach of which may give rise to damages or be the basis for the termination of the lease, or whether such a provision is merely a condition on or qualification of the clause forbidding the assignment or subletting on the part of the lessee. In form, this provision of the instant lease is not expressly promissory either on the part of the lessee or of the lessors. Whether either or both phases of the provision constitute a promise or covenant depends upon the intention of the parties. Not all terms of a lease are promissory in fact or in form; they may be promises or they may be conditions or provisions.

At common law the lessee had a right to assign and sublet the leased estate and because a lease for a term of years was a conveyance of an interest in land, a restriction on this right commonly took the form of a mere provision limiting the exercise of the right without the consent of the lessor. The common law and weight of authority view the additional provision, that the consent of the lessor will not be unreasonably withheld, as not

being a covenant on the part of a lessor but rather a qualification of or a partial limitation on the lessee's right to assign or sublet. Consequently, an arbitrary withholding of consent by the lessor is not a breach of a promise but of a condition or of a limitation which can be ignored by the lessee as a restriction upon his right. 3A Thompson, Real Property, p. 88, sec. 1214; 51 C. J. S., *Landlord and Tenant*, p. 552, sec. 36. This view is taken by *Mann v. Steinberg* (1946), 188 Misc. 652, 64 N. Y. Supp. 2d 68; *Butterick Publishing Co. v. Fulton & Elm Leasing Co., Inc.* (1928), 132 Misc. 366, 229 N. Y. Supp. 86; and *Sarner v. Kantor* (1924), 123 Misc. 469, 205 N. Y. Supp. 760.

The lessee argues this is now an unrealistic view of the provisions as applied to modern commercial leases whatever its validity might have been when the doctrine originated at common law in respect to agrarian leases. The lessee contends that the later New York cases consider this provision in a lease to be a promise of the lessor. The lessee argues further that in a modern commercial lease such promise is so material to the lessee's making of the lease and so important for his protection that the lessor's promise must be considered as a matter of law to be material and dependent and thus the lessee's promise to pay rent for the full term is likewise dependent upon its observance. Under this theory, the lessor's promise is not incidental to a conveyance but goes to the very essence of the contract and its breach gives to the lessee a right to terminate the lease.

We think the cases cited by the lessee at least go to the point that the provision in a lease that the lessor will not unreasonably withhold consent to an assignment is in fact intended to be a promise on the part of the lessor and should be so considered. That such a provision is a promise upon which an action for damages may be grounded for breach thereof was held in *Singer Sewing*

*Machine Co. v. Eastway Plaza* (1957), 5 Misc. 2d 509, 158 N. Y. Supp. 2d 647; *Arlu Associates v. Rosner* (1961), 14 App. Div. 2d 272, 220 N. Y. Supp. 2d 288, affirmed 12 N. Y. 2d 693, 233 N. Y. Supp. 2d 477, 185 N. E. 2d 913; *Broad & Branford Place Corp. v. J. J. Hockenjos* Co. (1944), 132 N. J. L. 229, 39 Atl. 2d 80. In the latter case the court held there was a peremptory duty upon the lessor under the language of such a provision not to unreasonably withhold consent when his consent was invoked and he was to be governed therein by the standard of reason. The failure of a lessor to act upon a request for consent to an assignment within a reasonable time is an unreasonable withholding. The lessor cannot ignore the lessee's request.

This view is consistent with the modern view of the factual background of lease making. Lessees normally want an unrestricted right to sublet and assign for their own convenience and protection; but landlords are interested in who their lessee is, not only because of his ability to pay the rent but also because his use of the premises may determine the amount of the rent. The instant lease, like so many modern-business leases while providing for a fixed monthly rent, also provided for a percentage rental based upon the gross sales of the business of the lessee. The usual compromise result is a restriction on the lessee's right to assign or what amounts to a lessee's promise not to assign without the lessor's consent and a promise by the lessor not to unreasonably withhold his consent.

This view has recently been taken in *Speare v. Consolidated Assets Corp.* (2d Cir. 1966), 360 Fed. 2d 882, and the change of view on the part of courts is also noted in the textbooks. 3A Thompson, Real Property, p. 78, sec. 1213, states the common-law view, but its 1965 Pocket Part, p. 4, now reads, "A provision in a lease that permission to assign shall not be unreasonably withheld is

a covenant by the lessor." The *Singer Case* and 26 Fordham L. Rev. (1957), 352 are cited. *See also* Million, Lipton and Mahan, *Real and Personal Property*, 32 N. Y. U. L. Rev. (1957), 1415; Million, Lesar and Martz, *Real and Personal Property*, 33 N. Y. U. L. Rev. (1958), 552; 1 American Law of Property, p. 306, sec. 3.58, and Annot. (1953), *Right of lessor arbitrarily to refuse or withhold consent to subletting or assignment which is barred without such consent*, 31 A. L. R. 2d 831.

## II.  *The Right to Terminate the Lease.*

If this lease is looked upon as predominately a contract granting the lessee permission of use of the premises and controlled by contract law, as the defendant argues, rather than as a conveyance controlled by property law, we reach the problem of whether the promise of the lessors was a mutual and dependent promise so that a breach thereof entitles the lessee to terminate the lease. No such power is expressly reserved or provided for in the lease, nor was the clause expressly made dependent. As pointed out in 2 Powell, Real Property, p. 179, sec. 221 (1), a business lease has become more common and of more social importance than the agrarian lease and such a lease is looked upon as essentially a contract rather than a conveyance of an estate, and "Thus the background of the lease as a conveyance, built solidly by 1500, has a tremendous foreground, evolved largely since 1800, which is purely contractual in character. The modern law is the synthesis of these two historical factors. Sometimes the background peeks through and controls. Sometimes the foreground is alone considered as determinative." The instant case presents such a problem.

The effect of treating this lease as a conveyance wherein promises are incidental and not as a contract controlled

exclusively by contract law is well stated in 1 American Law of Property, p. 202, sec. 3.11. In sum, it is pointed out that the nature of a lease is both contractual and a conveyance, but because of the background of conveyance the consequences of the failure to perform the promises do not normally follow contract law for breach of contracts. If there is a substantial breach of a material covenant in a bilateral contract, the covenants of which are mutually dependent, the innocent party is excused from further performance. *See also* 32 Am. Jur., *Landlord and Tenant,* p. 720, sec. 847; 51 C. J. S., *Landlord and Tenant,* p. 681, sec. 104.

In a lease which amounts to a conveyance as does the instant lease because it is for a term exceeding three years (sec. 235.50, Stats.) the covenants are independent unless expressly made dependent. *Bahcall v. Gloss* (1944), 244 Wis. 473, 12 N. W. 2d 674. Thus the generally accepted view from the standpoint of a conveyance is that if the lease does not contain a termination clause and a covenant of the lease is breached, the injured party has an action for damages for breach of contract but has no power to terminate the lease. 2 Powell, Real Property, p. 278, sec. 231 (3) (a); 1 American Law of Property, p. 380, sec. 3.94; 1 Tiffany, Real Property, p. 247, sec. 153; 3A, Thompson, Real Property, p. 556, sec. 1325. Thus under the rule applicable to a conveyance, the lessee had no right to terminate the lease upon the breach of the lessors in withholding their consent unreasonably.

The defendant makes a strong argument that contract law should apply and the covenants of this lease should be treated as material and dependent although not expressly so conditioned.

"As an original question, a lease might well have been regarded as a wholly bilateral agreement by which the lessor instead of making a conveyance, promises a con-

tinuing permission to occupy the premises. If the lease were simply regarded as a contract, there would seem to be no reason why the principles of dependency applicable to ordinary bilateral contracts should not likewise be applicable to leases. Traditionally, however, this has not been the case in common law jurisdictions. This is partly because a lease is regarded primarily as a conveyance by the common law, partly because the law governing leases has been dealt with in connection with the law of real estate, and became settled before the law of mutually dependent promises was established, and partly no doubt because leases have ordinarily been elaborately written documents in which the parties might be supposed to have expressed their intent with considerable fullness, covenants in leases have been held mutually independent unless in terms expressly conditional." 6 Williston, Contracts, pp. 585–589, sec. 890.

However, whatever merit the contractual theory has over the conveyance theory, this court has recently decided the rules of conveyancing take precedence. While the particular choice of alternatives was not discussed in the opinion, this court did in *Continental Grain Co. v. Afram Brothers Co.* (1967), 35 Wis. 2d 676, 151 N. W. 2d 685, decide that a lessor could not rescind a lease even though it was not a conveyance and involved personal property because of the nonpayment of rent when the lease did not expressly provide for a termination in the event of nonpayment of rent. Thus the common-law rule that when a lease is a conveyance the promises or covenants are independent in the absence of an express dependency provision was perpetuated. Having so recently considered this question, we are not inclined to reverse *Continental Grain* and it would be entirely inconsistent for this court now to consider the contract aspects of a lease of real estate to be predominant in respect to the promises of the lessor not to unreasonably withhold his consent to an assignment of the lease. We hold, therefore,

the promises were independent and the lessee had no right to terminate the lease because of the breach of the lessors.

The demurrer was interposed only to part of the answer which dealt primarily with the facts underlying the right of the lessee to terminate the lease. As to this defense, the demurrer was correctly sustained. However, the alleged facts in the answer also constitute a claim against the lessor for damages for unreasonably withholding their consent. Whether this should be pleaded in the answer in bar or as a setoff or otherwise, we do not decide. To avoid confusion in the pleadings, the demurrer will be sustained and the leave granted to the lessee by the trial court to amend its answer will be extended to twenty days from the date of the remittitur.

*By the Court.*—The order is affirmed with leave to the defendant to amend its answer within twenty days from the date of the remittitur.