**Loretta HANLEY et al., Plaintiffs,**

**v.**

**John A. VOLPE, individually and as Secretary of the United States Department of Transportation, et al., Defendants.**

**No. 69–C–302.**

United States District Court
E. D. Wisconsin.

Oct. 27, 1969.

---

Quarles, Herriott, Clemons, Teschner & Noelke, by W. Stuart Parsons, James A. Walrath, Milwaukee, Wis., for plaintiffs.

Robert G. Polasek, Asst. Corp. Counsel for County of Milwaukee, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before the court for determination of a motion for preliminary injunction by the plaintiff and seven motions by certain of the defendants.

The defendants' motions are as follows:

1. To dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to plead short, concise statements under rules 8(a) and 41(b).

2. To strike paragraphs 17, 18, and 19 from the complaint.

3. To strike plaintiffs' exhibits B and C attached to the complaint.

4. To dismiss the plaintiffs' motion for preliminary injunction.

5. To convene a three-judge court to rule on the motion for preliminary injunction.

6. For a three-judge court to hear the merits of the case.

7. For an indemnity bond if the preliminary injunction is granted.

The underlying suit is a class action involving a federal aid highway project within the city of Milwaukee, known as the park freeway project. The plaintiffs are persons who will be or have been displaced as the project proceeds through an older residential area of the city.

The plaintiffs demand injunctive and declaratory relief to force the defendants to comply with 23 U.S.C. § 501 et seq. and the rules promulgated under that statute dealing with the relocation of persons who have been or will be displaced by this project. The plaintiffs also seek the interpretation of Wis.Stat. § 32.19, which deals with the payment of compensation for land taken by eminent domain.

The plaintiffs' motion for a preliminary injunction is designed to prevent the state and federal defendants from continuing to evict, demolish, or construct until the state provides the federal government and the plaintiffs with sufficient assurance that it will adhere to the federal law dealing with relocation.

The project in question was approved for federal aid on November 19, 1966. Subsequently, Congress passed the 1968 federal aid highway act, 23 U.S.C. §§. 501–511, to become effective as of August 23, 1968. This statute would seem to apply to the case at bar. See § 2b(2) of the department of transportation's instructional memorandum numbered 80–1–68. Assurances of an adequate relocation assistance program are to be made by the state to the United States secretary of transportation before the secretary approves the type of federal aid highway project which is under consideration here. 23 U.S.C. § 502.

Wisconsin purported to make such assurances by a document, dated October 21, 1968, from the Wisconsin highway commission chairman to the division engineer of the United States department of transportation. The secretary of transportation subsequently approved the project by a memorandum dated December 5, 1969 from the federal director of public roads.

## I. THE DEFENDANTS' MOTIONS

The first motion by the defendants is to dismiss the complaint for failure to state a claim upon which relief can be granted and for failure to plead short and concise statements. The parties have submitted additional materials, so this motion may be considered as one for summary judgment under rule 12(b), Federal Rules of Civil Procedure.

█ In my opinion, the plaintiffs have adequately stated a claim upon which relief can be granted. The case of Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), declared judicial review of an administrative decision to be appropriate unless specifically prohibited by Congress; no statute has been brought to my attention which prohibits judicial review under the facts of this case. Western Addition Community Organization v. Weaver, 294 F.Supp. 433 (N.D. Cal. 1968), is a case in which the plaintiffs were asking for relief nearly identical to that sought in the case at bar; an injunction and a declaratory judgment were found to be proper remedies.

In the brief of the state attorney general it is charged that the plaintiffs lack standing, that the issues raised are not justiciable, that the plaintiffs have not exhausted their federal administrative remedies, and that a federal question does not exist.

█ The plaintiffs do have standing. Norwalk Core v. Norwalk Redevelopment Agency, 395 F.2d 920 (2d Cir. 1968); Note, "Protecting the Standing of Review of Site Families", 73 Yale L.J. 1080 (1964). The plaintiffs raise justiciable issues. Powelton Civic Home Owners Ass'n v. Dept. of Housing and Urban Development, 284 F.Supp. 809 (E.D. Pa. 1968)

█ Although the state officials allege that the plaintiffs have not exhausted their administrative remedies, they do not suggest what such remedies might be. The decision to approve the state's assurances was a final decision of the secretary of transportation and is reviewable by this court. See Road Review League, Town of Bedford v. Boyd, 270 F.Supp. 650 (S.D. N.Y. 1967). Also, a federal question exists because the plaintiffs seek enforcement of a federal statute, 23 U.S.C. § 501 et. seq.

Rule 8(a), Federal Rules of Civil Procedure, requires that a claim for relief contain short and concise statements. Rule 41(b) provides that an action can be dismissed for not complying with the rules. The matter before the court is somewhat complex and warrants a more detailed explanation of the plaintiffs' theories. In Fleming v. Dierks Lumber & Coal Co., 39 F.Supp. 237, 240 (W.D. Ark. 1941), the court said:

"* * * what constitutes a 'short and plain statement' must be determined by the type of case * * *."

Although the plaintiffs' complaint is somewhat long and more complicated than necessary, it is not so incomprehensible as to require dismissal or even a redrafting.

█ The next motion is one to strike paragraphs 17, 18, and 19 from the plaintiffs' complaint on the ground that they contain irrelevant matter. Rule 12(f), Federal Rules of Civil Procedure, provides that upon motion

"* * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The paragraphs in question have supplied germane information. The location of the project as set forth in paragraph 17, the dates and figures relating to the project as set out in paragraph 18, and the number of people involved as contained in paragraph 19, are all relevant matters which may properly be considered by the court. Any doubt as to the striking of matter in a pleading should be resolved in favor of the pleading. Walmac Co. v. Isaacs, 15 F.R.D. 344 (D. R.I. 1954). Thus, the motion to strike paragraphs 17, 18, and 19 from the complaint should be denied.

█ There is also a motion to strike exhibits B and C from the complaint be-

cause there is allegedly no foundation to establish the validity of such exhibits. In its brief, the movant claims that the exhibits are hearsay. It is my opinion that the exhibits attached to the complaint should be regarded as allegations which plaintiffs may properly incorporate by reference into their complaint. The challenge that they are hearsay evidence is not ripe for decision until an offer has been made to introduce the challenged material as evidence. The court has not relied on the truth of these exhibits in ruling on any of the present motions. Therefore, the court will not strike these exhibits at this time.

Next there is a motion to convene a three-judge federal district court to rule on the plaintiffs' application for a preliminary injunction, pursuant to 28 U.S. C. § 2281. That statute requires a three-judge court if the injunction restrains the enforcement of any state statute on the ground that the statute is unconstitutional.

█ In their complaint at page 17, paragraph 40, the plaintiffs allege that a state statute is unconstitutional. However, the plaintiffs, in their motion for a preliminary injunction, do not ask that this statute be declared unconstitutional or that its use be enjoined. Rather, they ask that the state and federal officials be made to comply with federal statutes, 23 U.S.C. § 501 et seq.

A substantial constitutional question, in regard to a state statute, is required before a three-judge court will be convened. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). In my opinion, no constitutional issue is raised in the motion for a preliminary injunction, and, therefore, a three-judge court should not be convened to hear such motion.

█ There is a further motion for a three-judge court to be convened to hear the merits of the case. The second claim in the plaintiffs' complaint, and the demand for relief under that claim, clearly indicate that plaintiffs seek to have Wis.Stat. § 32.19 declared unconstitutional.

The statute in question allows the state to pay certain additional items of compensation to persons displaced as a result of eminent domain proceedings if they are landowners or tenants under a lease longer than three years. The plaintiffs, who fit in neither category, charge that the statute creates arbitrary and discriminatory classifications in violation of the right to equal protection under the fourteenth amendment; and further, that they are deprived of property without due process of law or just compensation under the fifth and fourteenth amendments.

In my opinion, the constitutional challenges by the plaintiffs to Wis.Stat. § 32.19 do not qualify as substantial under the test of Swift & Co., *supra*. In California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938), the court said:

"The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject."

Subsection (b) of Wis.Stat. § 32.19 provides that only a holder of an interest in land qualifies to be reimbursed for the cost of removing his personal property to another site. The statutory distinction between a short-term leasehold and an ownership of real estate is not unreasonable; one who can be removed from his quarters by a landlord's notice under either Wis.Stat. §§ 234.03 or 234.07 is in a different category than one who owns a fee or has an interest in land by reason of a lease for over three years. Under Wisconsin law, a leasehold for more than three years constitutes "real estate". Catholic Knights of Wisconsin v. Levy, 261 Wis. 284, 53 N.W.2d 1 (1952); Bahcall v. Gloss, 244 Wis. 473, 12 N.W.2d 674 (1944); Goodsitt v. Richter, 216 Wis. 351, 257 N.W. 23, 95 A.L.R. 1238 (1934); Koeber v. Somers, 108 Wis. 497, 84 N.W. 991, 52 L.R.A. 512 (1901).

Although Wis.Stat. § 32.19 may provide for certain benefits beyond those which are constitutionally required, this circumstance cannot be relied upon to invalidate the statute. In my opinion, the classifications in the statute are reasonable, and there is no substantial constitutional question presented; it follows that a three-judge court need not be convened.

## II. THE PLAINTIFFS' MOTION

The plaintiffs have moved for a preliminary injunction to restrain the federal defendants from:

1. Continuing to approve, accept, and authorize the park freeway project as a federal aid highway project;

2. Authorizing federal financial participation in the park freeway project;

3. Allowing federal funds to be used for acquisition, demolition, construction, and eviction purposes in the park freeway area,

until the federal defendants have received legally sufficient assurance from the state that adequate relocation housing is available, and the services required in the federal statutes are provided.

In addition, the plaintiffs demand that a preliminary injunction be issued restraining the state defendants from acquiring residential property in the project area, evicting persons, and demolishing property until the plaintiffs and their class are assured of receiving proper relocation assistance.

The test to be applied in ruling on a motion for a preliminary injunction is contained in Virginia Petroleum Jobbers Ass'n v. Federal Power Commission, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958). There are four factors to be considered before a preliminary injunction should be granted:

1. Has the petitioner made a strong showing that he is likely to prevail on the merits of the appeal?

2. Has the petitioner shown that he will be irreparably injured if the preliminary relief is not granted?

3. Would the injunction substantially harm other parties?

4. Where does the public interest lie?

In Triangle Improvement Council v. William S. Ritchie (S.D. W.Va. July 3, 1969), relief to residents was denied with the court noting that responsible public officials at the state and local levels were making a good faith effort in relocating families. In the case at bar, the defendants have made an extensive showing to support their claim that a good faith attempt is being made to assist in the relocation. See, for example, the affidavit of Mr. Brannan.

Weighing the various factors which are to be heeded by the court in connection with a preliminary injunction, I conclude that the better exercise of discretion requires a denial of the plaintiffs' application for a preliminary injunction.

## CONCLUSION

It is therefore ordered that in accordance with the foregoing decision, all the aforesaid motions of the defendants and also the motion of the plaintiffs for a preliminary injunction be and hereby are denied.