Loretta **HANLEY**, Stanley **MacArthur**, Ernst **Berger**, Donna **Runke**, Richard **De Rosia**, Tenants' Union, an unincorporated association, and East Side Aged SOS Organization, an unincorporated association, Plaintiffs,

v.

John A. **VOLPE**, individually and as Secretary, United States Department of Transportation, Frank C. Turner, individually and as Director of Public Roads, United States Department of Transportation, Federal Highway Administration, Bureau of Public Roads, Robert H. Paddock, individually and as Division Engineer, United States Department of Transportation, Federal Highway Administration, Bureau of Public Roads, William R. Redmond, individually, as Secretary of the Wisconsin Department of Transportation and as Chairman of the Wisconsin State Highway Commission, Louis J. Selzer, ind. and as Chairman (acting) Milwaukee County Expressway and Transportation Commission, and Robert W. Brannan, individually and as Transportation Director, Milwaukee County Expressway and Transportation Commission, Defendants.

No. 69-C-302.

United States District Court,
E. D. Wisconsin.

Jan. 28, 1971.

See also, D.C., 48 F.R.D. 387.

James A. Walrath, Sara Joan Bales, Brian A. Jeffrey, Milwaukee, Wis., for plaintiffs.

Robert W. Warren, Atty. Gen. of Wis. by E. Gordon Young, Asst. Atty. Gen., Madison, Wis., for state defendants.

David J. Cannon, U. S. Atty. by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for federal defendants.

Robert P. Russell, Corporation Counsel, Milwaukee County, Milwaukee, Wis., for county defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are several motions now pending before the court. The defendants Volpe, Turner and Paddock have moved for summary judgment. The defendant Redmond has moved for summary judgment and has also moved to dismiss on the ground that indispensable party defendants have not been joined. The plaintiffs have filed a cross motion for summary judgment in their favor.

I have determined that the defendants' motions for summary judgment must be granted, and that the plaintiffs' motion for summary judgment must be denied. In view of those conclusions, it becomes unnecessary for the court to pass upon the motion of the defendant Redmond for dismissal because of the absence of allegedly indispensable parties defendant.

The nature of the proceedings now before the court have been described in a previous written decision in this case, reported at 305 F.Supp. 977 (E.D.Wis. 1969).

The defendants urge that there is no material issue of fact for trial. Although they also seek summary judgment, the plaintiffs contend that there are disputed issues of fact regarding the adequacy of available relocation housing. The plaintiffs have filed a number of affidavits in connection with both the present motion and the previous motion for a preliminary injunction which demonstrate that there have been difficulties encountered by individuals who have sought relocation housing, but I am persuaded that there are, nevertheless, no genuine issues of fact remaining for trial in this case. See Schwartz v. United States, 38 F.R.D. 164 (D.C.1965); Lorentz v. R. K. O. Radio Pictures, 155 F.2d 84 (9th Cir. 1946); Rule 56, Federal Rules of Civil Procedure.

■ Upon all the records and proceedings which have heretofore been had in this case, it is now clear that the plaintiffs should no longer be entitled to

block further proceedings in the federally-aided highway project in question on the grounds advanced in this action. The record adequately establishes that the highway project in question is legal and that the existing assurances regarding adequate relocation assistance are neither arbitrary nor capricious.

Under 23 U.S.C. § 502, the secretary of transportation is directed not to approve any project which will cause a person's displacement "unless he receives satisfactory assurances from the State highway department" that "fair and reasonable relocation and other payments shall be afforded." The record in this case makes it clear that the project in question received the secretary's approval on November 10, 1966, long before the effective date of the 1968 highway act.

█ Even if the formal assurances required under the act were not received by the secretary with regard to the project at bar, or if such assurances were insufficient, such failures would not be violative in the instant action because assurances were not required before July 1, 1970. In an instructional memorandum numbered 80–1–68, issued by the bureau of public roads, paragraph 5b provides that the relocation assurances "are not required where authorization to require right-of-way or to commence construction has been given prior to the issuance of this memorandum." The approval of this project on November 10, 1966 antedates the obligation imposed under the act.

The language of the court in Triangle Improvement Council v. Ritchie, 314 F. Supp. 20, 30 (S.D.W.Va.1969), is germane:

"  *  *  *  I am further convinced, after analyzing the statutory provisions, their legislative history, and the instructional memoranda issued pursuant thereto, that Congress could not have intended that projects authorized and approved several years prior to the enactment of the 1968 statute were to be subject to inflexible and strict compliance therewith. The administrative agency did not give it such an interpretation, and I am of the opinion that the agency's determination had a rational basis and should not be disturbed."

Moreover, it is reasonably clear that the state has indeed provided the assurances which would be required in a formal manner as to projects approved after July 1, 1970. These assurances were referred to by this court in its earlier decision in this case. See 305 F.Supp. at page 982, where I stated:

"  *  *  *  the defendants have made an extensive showing to support their claim that a good faith attempt is being made to assist in the relocation."

It is my conclusion that this showing of good faith is sufficiently persuasive to satisfy the court that the secretary's discretion was not arbitrarily exercised in accepting the state's assurances. Although assurances when required are subject to judicial review, it is only an arbitrary abuse of the secretary's discretion which should provoke judicial intervention. Western Addition Community Organization v. Weaver, 294 F.Supp. 433, 442 (N.D.Cal.1968).

I also find that there is no merit to the plaintiffs' contention that Wisconsin's eminent domain proceedings violate the plaintiffs' rights with respect to equal protection of the laws, the civil rights act, or the due process of law provisions.

Now, therefore, it is ordered that the two motions brought by the defendants for summary judgment be and hereby are granted and that all other motions be and hereby are denied.

It is also ordered that the plaintiffs' action be and hereby is dismissed.