NODELL INVESTMENT CORPORA-TION, a Wisconsin Corporation, et al., Plaintiffs,

v.

William T. COLMAN, Jr. Secretary of Transportation of the United States, et al., Defendants.

No. 75-C-244.

United States District Court, E. D. Wisconsin.

June 4, 1975.

Robert E. Sutton & Harry W. Theuerkauf, Milwaukee, Wis., for plaintiffs.

Quarles & Brady by James H. Baxter III, Milwaukee, Wis., for Council & City of Glendale.

William J. Mulligan, U. S. Atty. by William E. Callahan, Jr., Milwaukee, Wis., Bronson C. LaFollette, Atty. Gen. by Donald W. Smith, Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action the plaintiffs seek to enjoin the commencement of a construction project involving improvements to a segment of North Port Washington Road in the city of Glendale, Wisconsin. On May 2, 1975, the plaintiffs filed a motion for a preliminary injunction, and on May 19, 1975, I entered an order denying the motion. This memorandum is the statement of reasons supporting the May 19, 1975, order.

All parties have supplied the court with briefs, together with affidavits and documentation. Oral argument was deemed unnecessary for the resolution of the plaintiffs' motion.

To obtain a preliminary injunction, the plaintiffs must establish four elements: (1) that there is a strong possibility they will prevail on the merits; (2) that they will suffer irreparable injury if interim relief is not granted; (3) that the defendants will not be substantially harmed if the preliminary injunction is granted; and (4) that a preliminary injunction is in the public interest. Hanley v. Volpe, 305 F.Supp. 977, 982 (E.D. Wis.1969). In my view, the plaintiffs have failed to demonstrate that success on the merits is probable. As a consequence, discussion of the other requisites for a preliminary injunction is unnecessary.

The plaintiffs claim that the challenged project was not planned and approved in accordance with the procedure set forth in the following statutes and regulations: 23 U.S.C. §§ 103, 105, 110, 112, 114 and 128 (1970); 23 C.F.R. §§ 1.38, P.P.M. 20–8, P.P.M. 90–1, 772, 790.1, 790.3, 790.8 and 795.1 (1974). In particular, it is urged that the defendants have failed (1) to consider, identify or document the adverse economic, social and environmental consequences of the project; (2) to conduct any environmental, social or economic studies; and (3) to supply a report discussing the environmental, social and economic impact of the proposed project with the request for location and design approval.

■ In my judgment, the exhibits which accompany the brief of the defendants Shebesta, Huber and the common council of the city of Glendale (the state defendants), demonstrate that the plaintiffs are unlikely to succeed on any of the claims relating to noncompliance with the various provisions of title 23, U.S.C. and 23 C.F.R. First, I am unable to find any requirement for formal environmental, social or economic "studies," in any of the statutes and regulations cited by the plaintiffs. Secondly, exhibit 49 of the state defendants' brief, which purports to be the "location and design study report" required by 23 U.S.C. § 128 and 23 C.F.R. P.P.M. 90–1, reveals that the requisite consideration was given to the potential adverse environmental, social and economic impact of the project.

■ The plaintiffs next assert that the project procedures did not comply with 42 U.S.C. § 4332(C), which requires that federal agencies provide an environmental impact statement for any "major Federal actions significantly affecting the quality of human environment . . . ." The plaintiffs urge that there was no supporting basis for the defendants' "negative declaration" of environmental impact. However, the plaintiffs have cited no authority requiring a supporting basis for such a determination. Moreover, there is no claim that the project in question is a "major federal action" which requires an environmental impact statement. Absent such showing, § 4332(C) does not apply. Julius v. City of Cedar Rapids, 349 F.Supp. 88, 89 (N.D.Iowa 1972).

■ Finally, the plaintiffs have made an insufficient showing to support the entry of a preliminary injunction on their following claims: (1) the defendant Shebesta misrepresented to the Glendale common council that a 24 foot median was required by law if federal funds were to be made available for the project; (2) Mr. Shebesta gave insufficient consideration to a proposed alternative to the project formulated by Edmund Schrang; and (3) inadequate consideration was given to the relationship of possible changes to U.S. 141 as they might affect the proposed project.

With respect to the above three contentions, the plaintiffs did not indicate what legal theories would justify the relief they requested. Exhibit 41 of the state defendants' brief, among other exhibits and affidavits, reveals both that Mr. Shebesta's statements concerning the necessity for a 24 foot median were more properly understood as being based upon engineering standards, not upon any federal regulation, and that possible changes in U.S. 141 have been considered throughout the development of the project. In a similar vein, exhibit 36 reflects that the so-called "Schrang proposal" was evaluated and rejected. The plaintiffs have simply failed to explain, in what manner these actions were legally deficient or wrongful.

For the above-stated reasons, the plaintiffs' motion for a preliminary injunction was denied.

The defendant city of Glendale has filed a formal motion to dismiss, a motion to strike the complaint and a motion to strike the affidavit of Robert A. Sayers. Apparently the defendant city of Glendale relies on its brief in opposition to the preliminary injunction as its memorandum in support of these motions. Accordingly, the following briefing schedule is established for the city of Glendale's motions: the plaintiffs should serve and file their brief in opposition to such motions on or before June 20, 1975; the defendant, city of Glendale, should serve and file its reply brief on or before June 30, 1975.